UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH D. LENTO, ESQ., an individual,<br>LENTO LAW FIRM, LLC, a limited liability company,<br><br>          Plaintiffs,<br><br>  v.<br><br>KEITH ALTMAN, ESQ., an individual, THE LAW OFFICE OF KEITH ALTMAN,<br>PLLC, a/k/a "K ALTMAN LAW", a limited liability company,<br><br>          Defendants. | Civil Action No.: 1:22-cv-04840 |

**NOTICE OF FAILURE OF SERVICE
AND MOTION TO ADJOURN HEARING**

COME NOW the Defendants, Keith Altman and the Law Office of Keith Altman PLLC ("Defendants"), and notifies the Court that Plaintiffs' Proposed Order and Memorandum of Law in Support of Order To Show Cause For A Temporary Restraining Order And Preliminary Injunction (Doc. 2) ("Proposed Order") was not served on the Defendants pursuant to Fed. R .Civ. P. 5(a)(1), Fed. R. Civ. P. 5(a)(1)(D) and (E), Fed. R. Civ. P. 5(b)(2),  and N.J. Court Rules, R.1:5.1(a).  In support of said Notice and Motion, the Defendants state as follows:

1

1. On August 2, 2022, at 2:57 p.m., Defendants received an email from opposing counsel which states:

> Dear Mr. Altman, Please see the message below from the Court. There is an in-person hearing on Thursday morning at 10:30, relating to the above-captioned matter. Best regards, Sam ("OC Email").

Attached hereto and incorporated herein as **Exhibit A** is a copy of the OC Email.

2. The Court's email dated August 2, 2022, at 1:59 p.m. attached to OC Email was addressed only to Samuel Jackson and states:

> Counsel –
>
> The Court has received your complaint and your proposed order to show cause. A hearing has been scheduled on your request for Thursday, August 4, 2022 at 10:30AM in Courtroom 4D of the Camden courthouse. Judge Kugler has directed that you inform your adversary(ies) of the date and time of this hearing.
>
> Please confirm receipt of this email and your attendance at Thursday's hearing – thank you
>
> Larry MacStravic
> Courtroom Deputy to the Hon. Robert B. Kugler, U.S.D.J.
> Mitchell S. Cohen Building & U.S. Courthouse, 4th & Cooper Streets,
> Room 1050, Camden, NJ 08101
> (856) 757-5433

3. The Defendants did not receive the Court's email from the Court.

4. The OC Email failed to state that they were attaching a copy of the Proposed Order (Doc. 2) nor was a copy of the Proposed Order attached to the email.

5. Defendants received the email from OC on August 2, 2022 at 6:33 p.m.

6. On August 3, 2022, upon receipt of the OC email setting the Proposed Order for Hearing (Doc. 2), Defendants were forced to go online to obtain a copy of the Proposed Order and Memorandum of Law in Support of Order to Show Cause For A Temporary Restraining Order And Preliminary Injunction filed on August 1, 2022.

7. Defendants were not served with a copy of the Proposed Order (Doc. 2) or the Memorandum of Law in Support of Order To Show Cause For A Temporary Restraining Order And Preliminary Injunction (Doc. 2).

8. Again, only upon receipt of the OC Email, Defendants were made aware of Plaintiffs' filing of the Proposed Order or the Memorandum of Law in Support of Order To Show Cause For A Temporary Restraining Order and Preliminary Injunction filed on August 1, 2022.

9. Presently, Defendants have not been served with the Proposed Order (Doc. 2) or the Memorandum of Law in Support of Order To Show Cause For A Temporary Restraining Order And Preliminary Injunction (Doc. 2).

10. New Jersey standards for issuing a preliminary injunction have been clearly established: 1) a preliminary injunction should not issue except when necessary to prevent irreparable harm; 2) temporary relief should be withheld when

the legal right underlying plaintiff's claim is unsettled; and 3) preliminary injunction should not issue where all material facts are controverted. *Paternoster v. Shuster*, 296 N.J. Super. 544, 549, 687 A.2d 330, 332 (Super. Ct. App. Div. 1997).

11. Plaintiffs cannot show that irreparable harm will be caused if the Proposed Order is not granted.

12. The facts will support that the legal right underlying Plaintiffs' claim is unsettled.

13. All material facts are controverted.

14. To prevail on an application for temporary relief, a plaintiff must make a preliminary showing of a reasonable probability of ultimate success on the merits. *Paternoster v. Shuster*, 296 N.J. Super. 544, 549, 687 A.2d 330, 332 (Super. Ct. App. Div. 1997).

15. Plaintiffs cannot show that there is a reasonable probability of ultimate success on the merits of the Complaint (Doc. 1).

16. Pursuant to Fed. R .Civ. P. 5(a)(1), Fed. R. Civ. P. 5(a)(1)(D) and (E), and Fed. R. Civ. P. 5(b)(2), Plaintiffs were required to serve the Defendants with the

Proposed Order and Memorandum of Law in Support Of Order To Show Cause For A Temporary Restraining Order And Preliminary Injunction on Defendants.[1]

17. Pursuant to N.J. Ct. R. 4:52-4, every order granting an injunction and every restraining order shall set forth the reasons for its issuance, shall be specific in terms, shall describe in reasonable detail and not by reference to the complaint or other document the act or act sought to be restrained. *Paternoster v. Shuster*, 296 N.J. Super. 544, 549, 687 A.2d 330, 332 (Super. Ct. App. Div. 1997).

18. Due to Plaintiffs' failure to properly serve the Proposed Order and Memorandum of Law in Support Of Order To Show Cause For A Temporary Restraining Order And Preliminary Injunction on Defendants, Defendants respectfully move for a continuation of the hearing on the Proposed Order until service is perfected.

19. Due to Plaintiffs' failure to properly serve the Proposed Order and Memorandum of Law in Support Of Order To Show Cause For A Temporary Restraining Order And Preliminary Injunction on Defendants, Defendants respectfully move for a continuation of the hearing on the Proposed Order until service is perfected and adequate time is given to allow the Defendants time to

---

[1] Plaintiffs have not served the Complaint (Doc. 1) on the Defendants.  Nor, has the Defendants agreed to accept service.  Therefore, in addition to the above aforementioned improper services, the Plaintiffs merely emailing a notice of hearing to the Defendants was not proper service pursuant to Fed.R.Civ.P. 5(1)(A).

properly respond to a 25 page Memorandum of Law in Support Of Order To Show Cause For A Temporary Restraining Order And Preliminary Injunction and a 5 page Proposed Order.

20.     The Court does not have personal jurisdiction over the parties.

21.     Defendants will be severely prejudiced if the requested continuance is not granted by the Court.

WHEREFORE, PREMISES CONSIDERED, the Defendants request the Court adjourn the hearing scheduled for August 4, 2022, at 10:30 a.m. until the Defendants have been properly served and Defendants are allowed time to properly address the issues raised and relief requested by the Plaintiffs.

Respectfully submitted this the 3rd day of August, 2022.

*/s/ Keith Altman*
Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Road - Suite 375
Farmington Hills, MI 48331
516-456-5885
keithaltman@kaltmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Failure of Service and Motion to Adjourn Hearing has been electronically filed via CM/ECF and service has been made on all parties of record.

*/s/ Keith Altman*
Keith Altman