UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH D. LENTO, ESQ., an individual,<br><br>LENTO LAW FIRM, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH ALTMAN, ESQ., an individual,<br><br>THE LAW OFFICE OF KEITH ALTMAN, PLLC, a/k/a "K ALTMAN LAW", a limited liability company,<br><br>ANTOINETTE MONK, an individual,<br><br>ARI KRESCH, an individual,<br><br>RICHARD GILL, an individual,<br><br>JOHN DOES 1-10, fictitious individuals, and<br><br>ABC BUSINESS ENTITIES 1-10, fictitious entities,<br><br>Defendants. | Civil Action No.: 1:22-cv-04840<br><br>**BRIEF IN OPPOSITION TO MOTION TO ADJOURN HEARING** |

Samuel D. Jackson, Esq.
NJ State Bar No. 130452017
LENTO LAW GROUP, P.C.
3000 Atrium Way, Suite 200
Mt. Laurel, New Jersey 08054
856.652.6500 (Office)
856.375.1010 (Fax)
sdjackson@lentolawgroup.com

*Attorney for Plaintiffs*

1

I. **Defendant's Motion Relies on Deliberate Falsehoods.**

Defendant ALTMAN has chosen to introduce himself in this litigation by lying to the Court. On page 5, footnote 1 of Defendant's Motion, he stated: "Plaintiffs have not served the Complaint (Doc. 1) on the Defendants. Nor, has [sic] the Defendants agreed to accept service." Both of these statements are outright lies.

Defendant ALTMAN was on the phone with two of Plaintiff LENTO's employees, John Groff and Joseph Cannizzo Jr., Esq., when Mr. Groff emailed him a copy of the filed Complaint, at 1:05 pm on August 1. *See* **Exhibit B**, Email to Defendant with Complaint. Defendant ALTMAN opened this email during this phone conversation, and according to sworn testimony from Mr. Cannizzo, Mr. Groff asked Defendant ALTMAN, "Do you accept service?" to which he ultimately responded, "You know what? Alright, sure, I'll accept service. That's fine." *See* **Exhibit B**, Certification of Joseph Cannizzo Jr., Esq.

Defendant <u>did</u> agree to accept service and Plaintiffs <u>did</u> serve the Complaint on Defendants. Defendant ALTMAN is well aware of these facts, so his representation to the Court denying them is not just false, but a lie.

Defendant ALTMAN also stated in his Motion that "only upon receipt of the OC Email, Defendants were made aware of Plaintiffs' filing of the Proposed Order or the Memorandum of Law in Support of Order To Show Cause For A Temporary Restraining Order and Preliminary Injunction filed on August 1, 2022." This is also untrue. The very first page of the Complaint states in bold, all capital letters: "**VERIFIED COMPLAINT FOR TEMPORARY RETRAINTS & INJUNCTIVE RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65 AND L.CV. R. 65.1**"

Defendant opened the Complaint and even read aloud from the first page, so at a bare minimum, he saw the heading which plainly states that Plaintiffs are requesting temporary restraints and injunctive relief pursuant to F.R.C.P. 65. **Exhibit B.** Defendant is an experienced federal practitioner who is well aware that Rule 65 relates to orders to show cause and injunctions.

The Complaint goes on to state at various points that Plaintiffs "bring this action for temporary restraints and injunctive relief," that Plaintiffs "now seek this Honor Court's equitable and injunctive intervention," and that Plaintiffs request the "Granting of Plaintiffs' Order to Show Cause in its entirety," so Defendant could have no doubt as to the relief Plaintiffs sought.

Defendant accepted service of the Complaint on Monday afternoon, and has been in frequent contact with Plaintiffs' office ever since. Defendant cannot credibly claim that he was unaware of Plaintiffs' request for injunctive relief.

Because Defendant's Motion relies on these outright falsehoods, it must be denied.

**II.     Defendant Had Ample Notice of The Hearing and Plaintiffs' Requested Relief.**

As explained above, Defendant saw the Complaint and even read aloud from it, so he was well aware that Plaintiffs were requesting the relief in the accompanying Proposed Order to Show Cause, which the Complaint referenced multiple times. **Exhibits A & B.**

Defendant admitted that he already downloaded and reviewed a copy of the Proposed Order and Memorandum in Support, which he substantively responded to in his Motion, so he cannot now claim in that very Motion that he will be prejudiced due to lack of notice. Defendant also admitted that he received the email notifying him of the hearing at 6:33 p.m. on August 2,

3

yet waited until the following day to bother reviewing the relevant documents. Now Defendant asks the Court for an adjournment because he wants more time.

The Court scheduled the August 4 hearing on August 2, at 1:59 pm. Plaintiffs' counsel notified Defendant only a few hours after that. Emergent hearings are time-sensitive by nature, and always proceed upon short notice. Defendant is not entitled to a leisurely adjournment to draft a lengthy opposition, while continuing to inflict irreparable harm on the Plaintiffs in the meantime. Defendant will have ample time to address the merits of Plaintiffs' Complaint following the hearing.

### III. Defendant Has Been Sufficiently Served.

Defendant's attempt to elevate form over substance should not be rewarded with the opportunity to continue inflicting irreparable harm on Plaintiffs and the clients. Defendant admits to being in possession of all the relevant documents, yet asks the Court to delay its hearing on whether Defendant should be stopped from sabotaging approximately 100 cases and extorting Plaintiffs for half a million dollars, simply because Defendant alleges Plaintiffs failed to meet all the technical requirements of service.

Regardless, Defendant's reliance on F.R.C.P. 5 is misplaced. To begin with, F.R.C.P. 5(a)(1)(D), cited by Defendant, states that the within service requirements apply to "a written motion, except one that may be heard ex parte". Plaintiff's motion for an Order to Show Cause pursuant to F.R.C.P. 65 falls within the exception. F.R.C.P. 65(b)(1) states that "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney…" Therefore, Plaintiffs' motion requesting a temporary restraining order is one that "may be heard ex parte" since an ex parte hearing is explicitly permitted by the text of the rule.

Likewise, Rule 65 only requires "notice" to issue a preliminary injunction, not "service" or "service of process." F.R.C.P. 65(a)(1) ("Notice. The court may issue a preliminary injunction only on notice to the adverse party.") Here, the adverse party received notice when Plaintiffs' counsel emailed him the date and time of the hearing, as instructed by the Court.

The Advisory Committee Notes on the rule sheds light on these issues as well, explaining that, "Many judges have properly insisted that, when time does not permit of formal notice of the application to the adverse party, some expedient, such as telephonic notice to the attorney for the adverse party, be resorted to if this can reasonably be done… The subdivision is amended to make it plain that informal notice, which may be communicated to the attorney rather than the adverse party, is to be preferred to no notice at all." Clearly, informal notice is acceptable in circumstances such as these, where time does not permit formal notice.

Despite Defendant's contentions, the Court has already expressed its preference for how Defendant should be noticed, when it instructed Plaintiffs' counsel to inform Defendant of the date and time of the hearing. If the Court believed that personal service of the Proposed Order and Memorandum in Support were required for the hearing to proceed, the Court would have so instructed Plaintiffs' counsel. Instead, the Court simply required that Plaintiffs' counsel provide Defendant with notice of the date and time of the hearing.

While Plaintiffs dispute that any service was required beyond the notice already given according to the Court's instructions, if the Court accepts Defendant's arguments that service was required, then that requirement has been fulfilled as well. Defendant has already consented to service via email, and Plaintiffs have now emailed Defendant a copy of the filed Proposed Order and Memorandum in Support. *See,* **Exhibit C.**

## IV. Defendant's Remaining Contentions Lack Merit.

Defendant makes a series of scattered throwaway arguments that lack both substance and merit. Regarding the standard for a preliminary injunction, Defendant simply rephrases the elements set forth in Paternoster v. Shuster, 296 N.J. Super. 544, 549, 687 A.2d 330, 332 (Super. Ct. App. Div. 1997) as naked allegations, without a shred of factual support.

Furthermore, the Paternoster case and the court rule cited by Defendant are both state rules governing procedure, and therefore inapplicable to federal court. Hanna v. Plumer, 380 U.S. 460, 465 (1965) (Reiterating the familiar rule that "federal courts are to apply state substantive law and federal procedural law.")

Defendant claims the Court does not have personal jurisdiction over the parties, yet he has alleged no facts and cited no cases to support this position. Plaintiffs' Complaint sets forth ample grounds for the assertion of personal jurisdiction, and Defendant has accepted service of the Complaint.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion and hold the hearing as scheduled.

Respectfully,

*[signature]*

Samuel D. Jackson, Esq.
*Attorney for Plaintiffs*
NJ State Bar No. 130452017
3000 Atrium Way, Suite 200
Mt. Laurel, New Jersey 08054
856.652.6500 (Office)
856.375.1010 (Fax)
sdjackson@lentolawgroup.com

Dated: August 4, 2022