# EXHIBIT C

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into by and between JOSEPH D. LENTO, ESQ. individually and Lento Law Firm, LLC ("Mr. Lento") and KEITH ALTMAN, ESQ. individually and The Law Office of Keith Altman, PLLC ("Mr. Altman") (collectively, the "Parties") on this 28th day of July, 2022.

### RECITALS

WHEREAS, the Parties to this Agreement desire to settle, resolve, and release all disputes, potential disputes, or causes of action which either party has asserted or could assert against the other party;

NOW THEREFORE, in consideration of the covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

### NO ADMISSION OF WRONGDOING

It is understood and expressly agreed that this Agreement does not constitute, and shall not be construed to constitute, an admission by either party, or by any of its present or future employees, representatives, officers, or directors, of any wrongdoing or liability whatsoever. It is expressly understood and agreed that this Agreement is made solely for the purposes of avoiding the delay and expense of protracted litigation.

### CONSIDERATION

In consideration of the covenants and Release contained in this Agreement, Mr. Lento agrees to pay Mr. Altman the amount of three-hundred sixty-five dollars ($365,000) and cooperate with Mr. Altman as provided for in the General Covenants below. In consideration of the covenants and Release contained in this Agreement, Mr. Altman shall provide Mr. Lento with a complete

Page **1** of **7**

reporting and data of all of Mr. Altman's current Student Defense clients, including their contact information and current case status, and cooperate with Mr. Lento as provided for in the General Covenants below.

## GENERAL COVENANTS

In addition to the above consideration, the Parties further agree as follows:

1.     <u>Transfer of Pre-Litigation Student Defense Clients</u>.  Mr. Altman will cooperate with Mr. Lento to facilitate the prompt and orderly transfer of files for all pre-litigation Student Defense clients from Mr. Altman to Mr. Lento no later than _____.

2.     <u>Communication to Pre-Litigation Student Defense Clients</u>. In addition to the transfer of pre-litigation Student Defense clients' files to Mr. Lento, the Parties will cooperate to jointly draft a communication to all such transferred clients informing them of said transfer and allaying any concerns. This communication shall be drafted collaboratively in that it shall not be transmitted to the affected clients until the final draft has been reviewed and approved by both Parties to this Agreement. Said communication shall be completed no later than _____.

3.     <u>Referral Fees for Litigation-Stage Student Defense Clients</u>. Mr. Lento agrees to waive all fees with respect to all Student Defense clients presently in litigation or which are proceeding to litigation.

4.     <u>New Fee Agreements for Litigation-Stage Student Defense Clients</u>. Mr. Altman will send new attorney Fee Agreements to all Student Defense clients presently in litigation or which are proceeding to litigation, reflecting the fact that Mr. Lento is no longer representing them in connection with their respective matters. All such Fee Agreements shall be sent no later than _____, with copies sent to Mr. Lento.

5.  <u>Hearings for the Week of Sunday, July 24, 2022</u>. It is agreed as between the Parties that all hearings scheduled in Student Defense matters for the week of Sunday, July 24, 2022, shall be handled by Mr. Altman and/or employees of K Altman Law.

6.  <u>Marketing</u>. Mr. Lento recognizes that the Trade Name of The Law Offices of Keith Altman, Keith Altman Law and K Altman Law are owned by Mr. Altman and all advertising, marketing, websites, social media or other linkages to, or associations with, Mr. Altman should be immediately deleted. Further, no future use of the Trade Names of The Law Offices of Keith Altman, Keith Altman Law and K Altman Law, associations with, or linkages to Mr. Altman, is authorized for use by Mr. Lento.

Mr. Altman recognizes that the Trade Names of Lento Law Firm, Lento Law Group, and Student Discipline Defense are owned by Mr. Lento and all advertising, marketing, websites, social media or other linkages to, or associations with, Mr. Lento, use of these trade names and any variations thereof, should be immediately deleted. Further, no future use of the Trade Names Lento Law Firm, Lento Law Group, and Student Discipline Defense, association with, or linkages to these trade names and Mr. Lento, is authorized for use by Mr. Altman.

**MUTUAL INDEMNIFICATION**

Mr. Lento agrees to indemnify and hold Mr. Altman harmless from and against all loss or damage, including reasonable attorneys' fees, costs and expenses incurred by Mr. Altman as a result of any claims related to or arising out of Mr. Lento's handling of all pre-litigation Student Defense matters, now retainer or to be retained, unless such loss or damage shall arise from Mr. Altman own failure to perform its duties under this Agreement with reasonable care, with the exception of any clients where Mr. Altman did not send out and receive a valid signed fee agreement and any chargebacks initiated by clients that have already paid the gross fee and for

which Mr. Altman has already received his payment. An escrow account will be set up that is equally funded by the parties in the total amount of $_____. This escrow account will be available for use to fund any chargebacks. After six months from the date of this Agreement, the remaining balance will be returned with equal payments being sent to each party and the escrow account will be closed.

Mr. Altman agrees to indemnify and hold Mr. Lento harmless from and against all loss or damage, including reasonable attorneys' fees, costs and expenses incurred by Mr. Lento as a result of any claims related to or arising out of Mr. Altman handling of all litigation-stage Student Defense matters, now retainer or to be retained, unless such loss or damage shall arise from Mr. Lento's own failure to perform its duties under this Agreement with reasonable care.

In the foregoing provisions, the words "loss or damage" include, but are not limited to, loss or damage arising directly or indirectly from any actions or omissions of any employee or authorized representative of either party.

**RELEASE**

The Parties to this Agreement each agree that the foregoing consideration represents settlement in full of all outstanding obligations owed by and to the other party, and that each party on behalf of themselves, and their respective heirs, family members, executors, officers, directors, employees, investors, shareholders, administrators, affiliates, divisions, subsidiaries, predecessor and successor corporations, and assigns, hereby fully and forever release each other and their respective heirs, family members, executors, officers, directors, employees, investors, shareholders, administrators, affiliates, divisions, subsidiaries, predecessor and successor corporations, and assigns, from, and agree not to sue concerning, any claim, duty, obligation or

cause of action relating to or arising out of the subject matter contemplated by this Agreement, and further, from any claim, whether presently known or unknown, suspected or unsuspected, that any Party may possess arising from any actions or omission that have occurred up until and including the date of ratification of this Agreement.

## MISCELLANEOUS PROVISIONS

1. <u>Governing Law</u>. This Agreement shall be construed under the laws of the State of New Jersey.

2. <u>Amendment</u>. No change, amendment or modification of this Agreement shall be valid or binding upon the Parties unless in writing and duly executed by the Parties.

3. <u>Joint Effort</u>. Preparation of this Agreement has been a joint effort of the Parties and the resulting document shall not be construed more severely against one of the Parties than against the other.

4. <u>No Assignment</u>. Except as otherwise provided for herein, this Agreement is not assignable in whole or in part by the Parties, without the prior written consent of either Party, which may not be unreasonably withheld.

5. <u>Merger</u>. This Agreement contains the entire understanding of the Parties and replaces and supersedes all previous contracts and agreements, written or oral, relating to this Agreement or the subject matter of this Agreement. There are no other oral understandings, terms or conditions, and neither Party has relied upon any representation, express or implied, not contained in this Agreement.

6. <u>Severability</u>. Any provision or portion of this Agreement that is declared invalid will not affect the validity of any other provision or portion of a provision of this Agreement.

7.     Successors and Assigns. This Agreement, and all obligations hereunder, shall be binding upon and shall inure to the benefit of the Parties hereto, and their respective legal representatives, predecessors, successors and/or assigns. Nothing in this Agreement, whether expressed or implied, is intended to confer upon any person other than the Parties hereto and their respective representatives, successors and assigns, any rights or remedies under or by reason of this Agreement.

8.     Non-Disparagement. The Parties agree and covenant that they will not at any time make, publish or communicate to any person or entity or in any public forum any defamatory or disparaging remarks, comments, or statements concerning the other party or their respective businesses, or any of its employees, officers, or directors. This section does not, in any way, restrict or impede the Parties from exercising protected rights to the extent that such rights cannot be waived by this Agreement or from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency. The Parties further agree and covenant that it shall cause its employees, officers, and directors to refrain from making any defamatory or disparaging remarks, comments, or statements concerning the other party.

9.     Execution and Enforceability. This Agreement may be signed in counterparts which, when taken together, shall be deemed as one and the same document. A facsimile signature or via email attachment in pdf format shall be conclusive evidence of each party's agreement hereto. Each party warrants and represents to the other that (a) its execution of this Agreement has been duly authorized by all necessary corporate action of such party, and (b) it has all requisite legal rights necessary to grant the other party all releases and covenants not to assert or sue granted to the other party as set forth above.

**IN WITNESS WHEREOF**, and in agreement herewith, each of the Parties have executed this Agreement to be effective as of the date first stated above.

---

JOSEPH D. LENTO, ESQ., Individually and for
Lento Law Firm, LLC
1500 Walnut Street, Suite 500
Philadelphia, PA 19102

---

KEITH ALTMAN, ESQ., Individually and for
The Law Offices of Keith Altman, PLLC
37555 West 12 Mile Road
Farmington Hills, Michigan 48331