Solomon Radner, Esq. (283502018)
**LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Telephone: (248) 987-8929
solomonradner@kaltmanlaw.com
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH D. LENTO, ESQ., an individual, LENTO LAW FIRM, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH ALTMAN, ESQ., an individual, THE LAW OFFICE OF KEITH ALTMAN, PLLC, a/k/a "K ALTMAN LAW", a limited liability company, ARI KRESCH, an individual, and RICHARD GILL, an individual,<br><br>Defendants. | Civil Action No.: 1:22-cv-04840<br><br>Hon. Robert B. Kugler |

**REPLY BRIEF OF DEFENDANTS, KEITH ALTMAN, ESQ., LAW OFFICE OF KEITH ALTMAN, PLLC, ARI KRESH, and RICHARD GILL, TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT, WITH PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (ECF. 34)**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I.   OVERVIEW REBUTTAL TO OPPOSITION ..................................................... 1

II.  ADEQUACY OF PLEADINGS .......................................................................... 5

    A.  DEFENDANTS DID NOT VIOLATE L.CIV. R. 7.2 ................................... 7

    B.  RELIANCE OF INTEGRAL DOCUMENTS TO THE FIRST AMENDED COMPLAINT ....................................................................................... 8

    C.  RICO VIOLATIONS (FEDERAL AND NJ STATUTES) AND COMPETITIVE MARKETING ....................................................................... 9

    D.  DEFENDANT KRESCH'S AND DEFENDANT GILL'S INVOLVMENT .. .................................................................................................................. 9

    E.  BREACH OF CONTRACT, BAD FAITH, AND TORTIOUS INTERFERENCE WITH CONTRACT, UNJUST ENRICHMENT, AND CONVERSION CLAIMS ............................................................................ 10

III.  ALL NEGLIGENCE CLAIMS ........................................................................ 12

    A.  UNFAIR COMPETITION, FALSE REPESENTATIONS, FALSE DESIGNATION OR ORIGIN AND FALSE ADVERTISING UNDER THE LANHAM ACT ...................................................................................... 12

IV. DECLARATORY JUDGMENT ACT CLAIMS ........................................... 13

V.   CONCLUSION ................................................................................................ 13

CERTIFICATE OF WORD COUNT ................................................................... 15

CERTIFICATE OF NON-CONCURRENCE ....................................................... 15

CERTIFICATE OF SERVICE .............................................................................. 15

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ...................................................... 10, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .............................. 10, 11

*ClearPath Util. Sols., LLC v. US Crossings Unlimited, LLC*, No. 2:15cv1620, 2016 U.S. Dist. LEXIS 126850, at *1-2 (W.D. Pa. Sep. 19, 2016) .............................. 11

*Cronin v. Bergmann*, No. 14-4663, 2014 U.S. Dist. LEXIS 147542, at *5 (E.D. Pa. Oct. 16, 2014) ........................................................................................................ 6

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) .............................. 6

*In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) ......................... 13

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) .................. 9

*Too Much Media v Hale*, 413 N.J. Super 135 (App. Div. 2010) ............................ 11

*Winters v. Jones*, Civil Action No. 16-9020, 2018 U.S. Dist. LEXIS 2645, at *29 (D.N.J. Jan. 8, 2018) .............................................................................................. 9

**Statutes**

18 U.S.C. § 1962(c) .................................................................................................. 6

18 U.S.C.S. § 1961(4) ............................................................................................... 7

**Rules**

Fed.R.Civ.7(b) .......................................................................................................... 7

Fed.R.Civ.P.12(b)(6) ............................................................................................... 14

L.Civ.R. 7.2(b) ........................................................................................................ 7

## I.  OVERVIEW REBUTTAL TO OPPOSITION

Plaintiffs filed one Opposition (ECF 34) to Defendants, Keith Altman and The Law Office of Keith Altman, PLLC, Motion to Dismiss (ECF 27) and Ari Kresch and Richard Gill (ECF 26). Therefore, *all* Defendants file this Reply to Plaintiffs' Opposition to Defendants Motions to Dismiss.

In a nutshell, this case as previously stated is nothing more than the Plaintiffs trying to escape owed, documented, legal fees.  Plaintiffs have failed to dispute, provide written rebuttal or any evidence to refute that Plaintiffs fraudulently filed this lawsuit with the information, knowledge, and belief that Plaintiffs owed fees for the legal services performed by Altman. (ECF 27-6 PageId.465-77). Plaintiffs do not even mention the Accounting Receivable Itemization ("Accounting") or dispute that it accurately reflects: Date Split Fee Client Acquired By KA From Lento (Column A); Split Fee Client (by initials only for redaction purposes only) (Column B); Fees Paid Exclusively To Lento By Split Fee Client (Column C); KA's Contracted Fee Percentage (Column D); KA's Fees Owed Per Lento/KA Contract (Column E); Actual Payment Received By KA From Lento (Column F); Fees Owed to KA from Lento (Column G); totals for each respective column; and totals per active cases; and totals per consults. (ECF 27-6 PageId.465-77).

Plaintiffs do not dispute that in May 2020, a working relationship started between Plaintiffs and Altman. ("Working Relationship"). (ECF 27-1 PageId.344).

1

Plaintiffs do not dispute that Plaintiffs and Altman entered into a verbal agreement wherein all attorneys' fees collected for pre-litigation student defense matters would be split 60/40, with 60% of the fee going to Plaintiffs as the attorney of record and 40% of the fee going to Altman for his time and labor. ("Split Fee Clients"). (ECF 27-1 PageId.344). Plaintiffs do not dispute that Plaintiffs' marketing expenses were to be deducted off the top of all attorneys' fees prior to the fee split between Plaintiffs and Altman. ("Verbal Contract"). (ECF 27-1 PageId.344). Plaintiffs do not dispute that no other individuals were a party to the Verbal Contract. Plaintiffs do not dispute that at the time the Verbal Contract was entered into between Plaintiffs and Altman, Gill was unknown to either Plaintiffs, Altman or Kresch[1]. (ECF 27-1 PageId.344). Plaintiffs do not dispute that Altman requested marketing expenses for calculation of legal fees owed to Altman minus Plaintiffs' paid marketing services specifically tailored to student defense and Title IX. (ECF 27-1 PageId.345). Plaintiffs do not dispute that to date, Plaintiffs have failed to provide an amount or documentation supporting Plaintiffs' marketing expenses. (ECF 27-1 PageId.345).

Plaintiffs do not dispute the nature of the Working Relationship, i.e., Plaintiffs set up their own conference line ("Plaintiffs' Conference Line"); all potential clients

---

[1] In 2002, Altman met Kresch at a legal conference. In May 2020, The Law Offices of Keith Altman, PLLC (KA Law) was incorporated. In December 2020, Altman became a 1099 of counsel contract employee of Excolo Law, PLLC ("Excolo") which was incorporated in 2014 in Michigan. In May 2020, KA Law, a sole proprietorship, did not have any employees. In June 2021, Gill was hired as a student discipline writer for KA Law. In November 2021, Gill became firm administrator of KA Law.

2

contacted Plaintiffs; Plaintiffs contacted Altman to schedule a telephone conference between Lento, Altman and all potentials; at the scheduled appointment time and date, the potentials called Plaintiffs' Conference Line; during the consultation Plaintiffs after introduction remained silent and Altman took the lead; the Split Fee Clients paid the legal fees directly to the Plaintiffs; Plaintiffs deposited the legal fees directly into their operating account; all attorney/client agreements were in Plaintiffs' name (Not until 2022 did Altman's name appear anywhere in the attorney/client agreement.); Altman and KA Law performed ALL the legal services. (ECF 27-1 PageId.344).

Plaintiffs do not dispute that in February 2022, effective March 1, 2022, Plaintiffs and Altman agreed to a modified fee split. (ECF 27-1 PageId.345). Plaintiffs do not dispute that under the modification, Plaintiffs were to receive 55% of the legal fees paid to Plaintiffs with Altman receiving 45% of the fee, minus Plaintiffs' marketing expenses being reduced off the top of the legal fees rendered prior to the split. (ECF 27-1 PageId.345).  Plaintiffs do not dispute that Altman was to receive 25% of the consulting revenue retroactive to January 1, 2022. ("Modified Verbal Contract"). (ECF 27-1 PageId.345).

Plaintiffs do not dispute that Plaintiffs and Altman agreed to a second modification of the Verbal Contract providing for Altman's law firm salaries, approximately $100,000 per month, being reduced along with Plaintiffs' marketing

3

expenses from the Fee Split Clients' fees. ("Second Modified Verbal Contract"). (ECF 27-1 PageId.345).

Plaintiffs do not dispute that a total amount owed by Plaintiffs to KA is $770,260. (ECF 27-6 PageId.465-77). Plaintiffs do not dispute that Altman provided to Plaintiffs an accounting evidencing the owed attorneys' fees and salary costs. (ECF 27-1 PageId.345) (ECF 27-6 PageId.465-77). Plaintiffs do not dispute that Plaintiffs agreed to send $80,000 to Altman on or before July 22, 2022. (ECF 27-1 PageId.345-46). Plaintiffs do not dispute that although Plaintiffs were aware that they owed Altman $770,260 in legal fees, Plaintiffs did not send the agreed upon amount of $80,000 but only sent $55,000 to Altman. (ECF 27-6 PageId.465-77). Plaintiffs do not dispute that on July 24, 2022, Plaintiffs and Altman *agreed* to sever the Working Relationship. (ECF 27-1 PageId.346). Plaintiffs do not dispute that on July 24, 2022, John Hunt, agent for Plaintiffs, advised Altman that he had been appointed by Plaintiffs to negotiate the outstanding fees. (ECF 27-1 PageId.346). Plaintiffs do not dispute that based on Hunt's representations of his appointment by the Plaintiffs to negotiate the outstanding fees, Altman made a demand to Plaintiffs in the amount of $500,000. (ECF 27-1 PageId.346).

Plaintiffs do not dispute that on July 25, 2022, a Resolution Agreement was made by Plaintiffs offering the following: 1) $365,000 payment; 2) Plaintiffs taking back all uncompleted student defense cases which were not active litigation cases;

3) Plaintiffs waving all referral fees in all litigation matters arising from the Verbal Contract to the present; 4) mutual indemnification; 5) mutual releases; and 6) mutual non disparagement. ("Resolution Agreement"). (ECF 27-1 PageId.346).

Plaintiffs did not dispute that on July 28, 2022, Plaintiffs revised the MOU and forwarded an unsigned copy of same to Altman. ("Written Contract"). (ECF 27-4 PageId.457-63). Plaintiffs do not dispute that from August 2020 until July 2022, Plaintiffs continued to schedule up to ten potential client calls a day six and sometimes seven days a week. (ECF 27-6 PageId.465-77). Plaintiffs do not dispute that Altman provided the legal services for which he was hired by Plaintiffs as a 1099 employee. (ECF 27-1 PageId.346-47). Plaintiffs do not dispute that the Resolution Agreement entered between the parties on July 28, 2022, is binding. (ECF 27-1 PageId.346-47).

## II.   ADEQUACY OF PLEADINGS

To secure that there is no confusion, the Defendants dispute the adequacy of each count pled by Plaintiffs in Plaintiffs' First Amended Complaint (ECF 15) and have in their Motions to Dismiss and herein requested that this cause of action be dismissed in its entirety. (ECF 27-1 PageId.348-49) (ECF 26-1 PageId.263).

Specifically, Defendants have argued the inadequacy of the FAC as to RICO violations. (ECF 27-1 PageId.349-65) (ECF 26-1 PageId.263-80). Plaintiffs inaccurately state that Defendants do not contest the adequacy of the pleading of

most of the elements of the federal and New Jersey RICO Claims. (ECF 34 PageId.6). Defendants dispute *each and every* allegation that any of the Defendants agreed, planned, schemed, or acted in any way to commit racketeering, including the allegations in Counts III – XI and in Plaintiffs' Opposition. (ECF 34 PageId.6-7). The "conduct" element of RICO requires allegations that the defendant "conduct or participate, directly or indirectly, in the conduct of [the] enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). If the court can only infer the possibility of misconduct, the complaint must be dismissed because it has alleged— but failed to show—that the pleader is entitled to relief. *Id. See Cronin v. Bergmann*, No. 14-4663, 2014 U.S. Dist. LEXIS 147542, at *5 (E.D. Pa. Oct. 16, 2014). (ECF 27-1 Id.375).

Furthermore, on its face Plaintiffs racketing claims should be dismissed because Plaintiffs merely brought Defendants Kresch and Gill into this lawsuit without any factual basis to do so to reach the threshold of an enterprise. 18 U.S.C.S. § 1961(4). Plaintiffs have given nothing more than mere conjecture, speculation that Kresch and Gill were involved in RICO/Hobbs actions.

6

## A.     DEFENDANTS DID NOT VIOLATE L.CIV. R. 7.2

Defendants' Motions to Dismiss albeit had misnumbered pages but did not violate the forty-page limit under L.Civ.R. 7.2(b)[2], i.e., the Introduction should have been page 1 but was page 8 because the Table of Contents and Table of Authorities should have been excluded from the allowed forty pages. (ECF 27-1 PageId.337-42) (ECF 26-1 PageId.252-57); *see also* L.Civ.R. 7.2(b). Defendants' argument of counting the total number of pages for both Motions to Dismiss is unfounded and uncited by any rule or caselaw to support their contention. Each Defendant is entitled to file a responsive pleading on his/their own behalf. Fed.R.Civ.7(b). Therefore, Defendants' Motions to Dismiss did not violate this honorable Court's standing order or the Local Rules of Civil Procedure. Respectfully, the Court should ignore Plaintiffs' futile attempts to get Defendants' Motions to Dismiss tossed on technicality and focus on Plaintiffs' failure to properly plead claims, Defendants' violations thereof and actual injuries sustained. Specifically, should be denied is Plaintiffs' request that this honorable Court reduce the page limit of Defendants' Reply brief from fifteen pages to 7.5 pages and disregard any excess pages. (ECF 34 PageId.518). This request could have come from no place other than the thin air from which the rest of Plaintiffs' claims and relief stems.

---

[2] L.Civ.R. 7.2(b) Any brief shall include a table of contents and a table of authorities and shall not exceed 40 ordinary typed or printed pages, excluding pages required for the table of contents and authorities.

### B.   RELIANCE OF INTEGRAL DOCUMENTS TO THE FIRST AMENDED COMPLAINT

Ironically, Plaintiffs attempt to argue that Defendants' Itemization of Split Fee Clients ("Accounting") (ECF 27-6 PageId.465-77) should not be considered because it is not a document that is an integral part or explicitly relied upon in the FAC is just flatly wrong.  Plaintiffs argue that the Defendants extorted fees from the Plaintiffs for which they were not owed.  The Accounting is the document to refute *all* of Plaintiffs' claims inasmuch as the Accounting shows line by line, the clients, dates, fees, expenses, and the balance of Plaintiffs' unpaid legal fees. (ECF 27-6 PageId.465-77). Additionally, the Accounting refutes Plaintiffs claim for negligence or malpractice because it begs the question if Plaintiffs were so displeased and clients were requesting refunds to the extent so pled by Plaintiffs, then why, why would Plaintiffs continue the Working Relationship with Defendants for the time period set out in the Accounting? Plaintiffs' own actions do not match their own allegations. Common sense tells the Court that a law firm is not going to continue doing business with a 1099 attorney if they are not making a profit and their clients are not being properly represented.  It begs the question, why not once did Plaintiffs not attack the accuracy of the Accounting in their Opposition.

### C.  RICO VIOLATIONS (FEDERAL AND NJ STATUTES) AND COMPETITIVE MARKETING

Defendants stand on their arguments stated in their Motions to Dismiss which are factually based and supported by documentation and case law. (ECF 26-1 and 27-1 and all attachments thereto). Additionally, Altman terminating the Working Relationship for Plaintiffs failure to pay the owed fees (ECF 27-6 PageId.465-77) did not cause the Plaintiffs fear or a Hobbs Act violation. As in *Winters v Jones*, this Court as that court stated should be at "a loss as to how Plaintiffs' believe the facts of this case fit within the theft by extortion statute. It will not speculate. Plaintiffs have not provided sufficient facts to plausibly plead theft by extortion and the legal theory is suspect at best." *Winters v. Jones*, Civil Action No. 16-9020, 2018 U.S. Dist. LEXIS 2645, at *29 (D.N.J. Jan. 8, 2018). Furthermore, based on *Winters*, Plaintiffs substantive RICO counts in the FAC should be dismissed, the conspiracy counts must be as well. *See, e.g., Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) (holding that "[a]ny claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient"). *Id.* at 31.

### D.  DEFENDANT KRESCH'S AND DEFENDANT GILL'S INVOLVMENT

Plaintiffs have failed to plead with specificity or provide one shred of evidence to support that Defendant Kresch or Defendant Gill were involved in any way with

9

the alleged RICO violations. In fact, Plaintiffs have failed to state how Kresch and Gill were involved in The Law Firm of Keith Altman, PLLC or with Altman. Plaintiffs argue that the Defendants do not take issue with the extortion allegations but rather attempt to argue facts that are not alleged in the FAC. The rebuttal/crux of Plaintiffs' extortion claims is that the Defendants could *not* have extorted monies that are owed by the Plaintiffs. Plaintiffs' assertion that Altman, Kresch and Gill knew that Plaintiffs did not owe Altman is completely false, unfounded, and unsupported. (ECF 34 PageId.17) (ECF 27-6 PageId.465-77). Finally, there has been no malice activity on the part of *any* of the Defendants.

    **E.    BREACH OF CONTRACT, BAD FAITH, AND TORTIOUS INTERFERENCE WITH CONTRACT, UNJUST ENRICHMENT, AND CONVERSION CLAIMS**

Defendants have not abandoned any defense or argument to the breach of contract, bad faith, tortious interference of contract claims (ECF 27-1 PageId.365-68), unjust enrichment or conversion claims (ECF 27-1 PageId.374-76; ECF 27-1). Plaintiffs have not pled claims for breach of contract, bad faith, tortious interference, unjust enrichment or conversion that meet the elements or shown any damages to which they are entitled. Plaintiffs' claims do not lead to a plausible outcome. For a plaintiff to survive a defendant's motion to dismiss, a plaintiff's complaint must contain sufficient factual information, accepted as true for purposes of the motion, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007), *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiffs claim that they have set forth a "plausible showing of entitlement to relief…", however, they have not disputed that Working Relationship and all agreements and contracts therein ceased due to Plaintiffs not paying the legal fees incurred by Altman providing legal services as contracted and agreed upon by Plaintiffs and Altman. (ECF 27-1 PageId.27). Plaintiffs have not pled "loss profits" to warrant the quantum of proof as set out in *Too Much Media v Hale*, 413 N.J. Super 135 (App. Div. 2010). (ECF 27-1 PageId.27). The cases in which Plaintiffs cite set out the standards: Under the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. *Id*. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570). *ClearPath Util. Sols., LLC v. US Crossings Unlimited, LLC*, No. 2:15cv1620, 2016 U.S. Dist. LEXIS 126850, at *1-2 (W.D. Pa. Sep. 19, 2016). Plaintiffs have not met the plausible showing of entitlement to relief. Lastly,

Plaintiffs contend that Defendants "admit their breach". (ECF 34 PageId.30). This is simply not what was briefed in Defendants Motions to Dismiss. For the record, Defendants to not admit to any breach of a contractual duty or professional responsibility duty to either the Plaintiffs or in their legal representation of clients.

### III.   ALL NEGLIGENCE CLAIMS

Defendants have not abandoned any defense or argument to any of the alleged negligence claims or variations of negligence claims asserted by Plaintiffs. (ECF 27-1 PageId.368-73; ECF 27-1; 27-6). Plaintiffs have not pled claims for negligence that meet the elements or shown any damages to which they are entitled. Plaintiffs' claims do not lead to a plausible outcome.

#### A.   UNFAIR COMPETITION, FALSE REPESENTATIONS, FALSE DESIGNATION OR ORIGIN AND FALSE ADVERTISING UNDER THE LANHAM ACT

Defendants have not abandoned any defense or argument to any of the alleged unfair competition, false representations, false designation or origin and false advertising under the Lanham Act. (ECF 27-1 PageId.374-76; ECF 27-1). Plaintiffs have not pled claims for unfair competition, false representations, false designation or origin and false advertising under the Lanham Act that meet the elements or shown any damages to which they are entitled. Plaintiffs' claims do not lead to a plausible outcome.

12

## IV. DECLARATORY JUDGMENT ACT CLAIMS

Plaintiffs have failed to prove that an unlawful debt exists. The Accounting shows the legal fees and costs that Plaintiffs owe Altman. (ECF 27-6 PageId.465-77). Again, it is clearly undisputed that Plaintiffs actively participated in the Working Relationship by continuing to use Altman as a 1099 employee to provide legal services for Plaintiffs' clients until July 24, 2022. (ECF 27-6 PageId.465-77). It is undisputed that Plaintiffs owe Altman for the legal services performed. (ECF 27-6 PageId.465-77).

## V. CONCLUSION

As previously briefed and supported by evidence, Plaintiffs fraudulently filed with lawsuit to delay and/or escape payment of the legal fees owed. Under Fed.R.Civ.P.12(b)(6), this Honorable Court is permitted to grant Altman's and KA Law's Motion to Dismiss in its entirety, with prejudice, since Plaintiffs have "failed to state a claim upon which relief can be granted." Plaintiffs have already amended their complaint as a matter of right and failed to state a claim for which relief could be granted. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) ("We have made it clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'").

Dated: January 17, 2023                Respectfully submitted,

*/s/ Solomon M. Radner*
Solomon M. Radner, Esq. (283502018)
LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Telephone: (248) 987-8929
solomonradner@kaltmanlaw.com
*Attorney for Defendants*

## CERTIFICATE OF WORD COUNT

The undersigned counsel for Defendants, hereby certifies that according to Microsoft Word's word count feature, this Brief, excluding title page, signature blocks and attached certificates, contains 3,099 words.

## CERTIFICATE OF NON-CONCURRENCE

I certify that Plaintiffs' counsel does not concur with this motion.

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant hereby certifies that a true and correct copy of the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure.

Dated: January 17, 2023               Respectfully submitted,

                                      */s/ Solomon M. Radner*
                                      Solomon M. Radner, Esq. (283502018)