Solomon M. Radner, Esq. (283502018)
**THE LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Telephone: (248) 987-8929
solomonradner@kaltmanlaw.com
*Attorney for Defendants/Counter-Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH D. LENTO, ESQ., an individual, LENTO LAW FIRM, LLC, a limited liability company,<br><br>                Plaintiffs,<br><br>        v.<br><br>KEITH ALTMAN, ESQ., an individual, and THE LAW OFFICE OF KEITH ALTMAN, PLLC, a/k/a "K ALTMAN LAW", a limited liability company,<br><br>                Defendants. | Civil Action No.: 1:22-cv-04840<br><br> Hon. Robert B. Kugler |

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants Keith Altman, Esq, an individual, and the Law Office of Keith Altman, PLLC, a/k/a "K Altman Law," by and through their attorney, Solomon M. Radner, for its Answer to Plaintiff's Amended Complaint, state the following:

## INTRODUCTION

1-4.    The Introduction Paragraph of Plaintiffs' Amended Complaint states that it is bringing an action for breach of contract, bad faith, tortious interference with contract, fraud, civil conspiracy to commit fraud, negligence, negligence per se, racketeering and extortion.  Defendants deny any such allegations.

## PARTIES

5.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation set for in paragraph 5 and, therefore, deny the same.

6.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation set for in paragraph 6 and, therefore, deny the same.

7.    Defendants admit that Defendant Keith Altman, Esq. ("Altman") is a citizen of the State of Michigan

8.    Defendants admit that Defendant the Law Office of Keith Altman, PLLC, also known as "K Altman Law", is a Michigan professional limited liability company with its principal place of business in Michigan.

9-10.  As for the remaining Defendants listed, no response is required as they were dismissed by order of this honorable court.

## JURISDICTION & VENUE

11-17.      Defendants dispute the jurisdiction and venue as to Count II and Count IV on the basis that Defendants are residents and/or have their principal place of business in Michigan. The proper venue should be in the Eastern District of Michigan.

## FACTUAL ALLEGATIONS

18.     In response to the allegations contained in paragraph 18, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation as to Plaintiff Lento having founded his predecessor firm in 2008, and, therefore, deny the same.

19.     In response to the allegations contained in paragraph 19, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation that Plaintiff Lento had been aware of Defendant Altman's reputation as an attorney and was considering him for a future associate position in December 2019, and therefore, deny the same.

20.     Defendants deny the allegations contained in paragraph 20.

21.     Defendants admit the allegations contained in paragraph 21.

22.     Defendants admit the allegations contained in paragraph 22, but that marketing was limited to student discipline matters.

23.     Defendants deny the allegations contained in paragraph 23.

24.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 and, therefore, deny the same.

25.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 and, therefore, deny the same.

26.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 and, therefore, deny the same.

27.    Defendants deny the allegations contained in paragraph 27.

28.    Defendants deny the allegations contained in paragraph 28.

29.    In response to the allegations contained in paragraph 29 of Plaintiffs' Amended Complaint, Defendants admit only that some of the student discipline matters were done without fee agreements.   Defendants deny the remaining allegations in paragraph 29 including that it was Defendants' responsibility to prepare and send fee agreements to new clients.

30.    Defendants deny the allegations contained in paragraph 30.

31.    Defendants deny the allegations contained in paragraph 31.

32.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 32 and, therefore, deny the same.

33.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 and, therefore, deny the same.

34.    Defendants deny the allegations contained in paragraph 34.

**COUNT I**
**VIOLATIONS OF THE RACKETEER INFLUENCED**
**AND CORRUPT ORGANIZATIONS ACT (RICO)**
**(As to Defendants Keith Altman, Esq., Ari Kresch, & Richard Gill)**

As to paragraphs 35-70, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

35.    As to paragraph 35, Defendants have no response.

36.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 and, therefore, deny the same.

37.    Defendants deny the allegations contained in paragraph 37.

38.    Defendants deny the allegations contained in paragraph 38.

39.    Defendants deny the allegations contained in paragraph 39.

40.    Defendants deny the allegations contained in paragraph 40.

**Altman's Extortion Scheme**

41.    Defendants deny the allegations contained in paragraph 41.

42.    Defendants deny the allegations contained in paragraph 42.

43.    Defendants deny the allegations contained in paragraph 43.

44.    Defendants deny the allegations contained in paragraph 44.

45.    Defendants deny the allegations contained in paragraph 45.

46.    Defendants deny the allegations contained in paragraph 46.

47.     Defendants deny the allegations contained in paragraph 47.

48.     The allegation in paragraph 48 is a legal definition as opposed to a factual allegation and does not require a response from Defendants.

49.     Defendants deny the allegations contained in paragraph 49.

50.     Defendants deny the allegations contained in paragraph 50.

**Altman's Wire Fraud Scheme to Take Lento Law Firm's Business**

51.     Defendants deny the allegations contained in paragraph 51.

52.     Defendants deny the allegations contained in paragraph 52.

53.     Defendants deny the allegations contained in paragraph 53.

54.     Defendants deny the allegations contained in paragraph 54.

55.     Defendants deny the allegations contained in paragraph 55.

56.     Defendants deny the allegations contained in Paragraph 56.

57.     Defendants deny the allegations contained in paragraph 57.

58.     Defendants deny the allegations contained in paragraph 58.

59.     Defendants admit the allegations contained in paragraph 59.

60.     Defendants deny the allegations contained in paragraph 60.

**The Defendants Have Conspired to Violate RICO**

61.     The allegations contained in paragraph 61 contain legal conclusions and/or Plaintiffs' characterization as opposed to factual allegations, therefore

Defendants cannot form a belief as to the truth or falsity of the allegations set forth in paragraph 36 and deny the same.

62. Defendants admit the allegations contained in paragraph 62.

63. Defendants deny the allegations contained in paragraph 63.

64. Defendants deny the allegations contained in paragraph 64.

65. Defendants deny the allegations contained in paragraph 65.

66. Defendants deny the allegations contained in paragraph 66.

67. Defendants deny the allegations contained in paragraph 67.

68. Defendants deny the allegations contained in paragraph 68.

69. Defendants deny the allegations contained in paragraph 69.

70. Defendants deny the allegations contained in paragraph 70.

**COUNT II**
**VIOLATIONS OF THE NEW JERSEY RICO LAW**
**(As to Defendants Keith Altman, Esq., Ari Kresch, & Richard Gill)**

71. Paragraph 71 does not require a response.

72. Defendants deny the allegations contained in paragraph 72.

73. The allegation in paragraph 73 is a legal definition as opposed to a factual allegation and does not require a response from Defendants.

74. Defendants admit the allegations contained in paragraph 74.

75.  Defendants deny the allegations contained in paragraph 75.

76. Defendants deny the allegations contained in paragraph 76.

77.     Defendants deny the allegations contained in paragraph 77.

78.     Paragraph 78 does not require a response.

## COUNT III
## BREACH OF CONTRACT
### (As to Defendants Keith Altman, Esq. & the Law Office of Keith Altman, PLLC, d/b/a "K Altman Law")

As to paragraphs 79-84, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

79.     Paragraph 79 does not require a response.

80.     Defendants deny the allegations contained in paragraph 80.

81.     Defendants admit the allegations contained in Paragraph 81, with the exception of the non-compete agreement, which Defendants deny.

82.     Defendants deny the allegations contained in paragraph 82.

83.     Defendants deny the allegations contained in paragraph 83.

84.     Defendants deny the allegations contained in paragraph 84.

## COUNT IV
## BAD FAITH
### (As to Defendants Keith Altman, Esq. & the Law Office of Keith Altman, PLLC d/b/a "K Altman Law")

85.     Paragraph 85 does not require a response.

86.     Defendants deny the allegations contained in paragraph 86.

87.     Defendants deny the allegations contained in paragraph 87.

88.     The allegations contained in paragraph 88 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

89.     The allegations contained in paragraph 89 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

90.     Defendants deny the allegations contained in paragraph 90.

91.     Defendants deny the allegations contained in paragraph 91.

**COUNT V**
**TORTIOUS INTERFERENCE WITH CONTRACT**
**(As to Defendants Keith Altman, Esq. & the Law Office of Keith Altman, PLLC, d/b/a "K Altman Law")**

As to paragraphs 92-104, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

92.     Paragraph 92 does not require a response.

93.     Defendants admit the allegations contained in paragraph 93.

94.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 94 and, therefore, deny the same.

95.     Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 95 and, therefore, deny the same.

96.     Defendants admit the allegations contained in paragraph 96.

97.     Defendants deny the allegations contained in paragraph 97.

98.     As to the allegations contained in paragraph 98, Defendants admit that Plaintiffs offered $365,000 to Defendants; Defendants deny that Plaintiffs did not owe Defendants money.

99.     As to the allegations contained in paragraph 99, Defendants admit only that Plaintiff refused to tender the money agreed upon; Defendants deny the remaining allegations contained in paragraph 99.

100.     Defendants deny the allegations contained in paragraph 100.

101.     The allegations contained in paragraph 101 contain legal conclusions and/or Plaintiffs' characterization as opposed to factual allegations, therefore Defendants cannot form a belief as to the truth or falsity of the allegations set forth in paragraph 101 and deny the same.

102.     Defendants deny the allegations contained in paragraph 102.

103.     Defendants deny the allegations contained in paragraph 103.

104.     Defendants deny the allegations contained in paragraph 104.

**COUNT VI**
**PROFESSIONAL NEGLIGENCE**
**(As to Defendants Keith Altman, Esq. & the Law Office of Keith Altman, PLLC, d/b/a "K Altman Law")**

As to paragraphs 105-112, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

105.   Paragraph 105 does not require a response.

106.   Defendants admit the allegations contained in paragraph 106.

107.   The allegations contained in paragraph 107 contain legal conclusions and/or Plaintiffs' characterization as opposed to factual allegations, therefore Defendants cannot form a belief as to the truth or falsity of the allegations set forth in paragraph 107 and deny the same.

108.   Defendants deny the allegations contained in paragraph 108.

109.   Defendants deny the allegations contained in paragraph 109.

110.   Defendants deny the allegations contained in paragraph 110.

111.   Defendants deny the allegations contained in paragraph 111.

112.   Defendants deny the allegations contained in paragraph 112.

**COUNT VII**
**NEGLIGENCE *PER SE***
**(Violation of NJ RPC 1.16/MI RPC 1.15/MRPC 1.16)**
**(As to Defendant Keith Altman, Esq.)**

As to paragraphs 113-124, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

113.   Paragraph 113 does not require a response.

114.   The allegations contained in paragraph 114 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

115.   The allegations contained in paragraph 115 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

116.   The allegations contained in paragraph 116 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

117.   Defendants deny the allegations contained in paragraph 117.

118.   Defendants deny the allegations contained in paragraph 118.

119.   Defendants deny the allegations contained in paragraph 119.

120.   Defendants deny the allegations contained in paragraph 120.

121.   The allegations contained in paragraph 121 contain legal conclusions and/or Plaintiffs' characterization as opposed to factual allegations, therefore Defendants cannot form a belief as to the truth or falsity of the allegations set forth in paragraph 121 and deny the same.

122.   Defendants deny the allegations contained in paragraph 122.

123.   Defendants deny the allegations contained in paragraph 123.

124.   Defendants deny the allegations contained in paragraph 124.

## COUNT VIII
## NEGLIGENCE *PER SE*
## (Violation of NJ RPC 8.4/MI RPC 8.4/MRPC 8.4)
### (As to Defendant Keith Altman, Esq.)

As to paragraphs 125-134, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

125.   Paragraph 125 does not require a response.

126.   The allegations contained in paragraph 126 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

127.   The allegations contained in paragraph 127 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

128.   The allegations contained in paragraph 128 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

129.   Defendants admit the allegations contained in paragraph 129.

130.   Defendants deny the allegations contained in paragraph 130.

131.   The allegations contained in paragraph 131 contain legal conclusions and/or Plaintiffs' characterization as opposed to factual allegations, therefore Defendants cannot form a belief as to the truth or falsity of the allegations set forth in paragraph 131 and deny the same.

132.   Defendants deny the allegations contained in paragraph 132.

133.   Defendants deny the allegations contained in paragraph 133.

134.   Defendants deny the allegations contained in paragraph 134.

**COUNT IX**
**NEGLIGENCE *PER SE***
**(Violation of NJ RPC 7.1/MI RPC 7.1/MRPC 7.1)**
**(As to Defendant Keith Altman, Esq.)**

As to paragraphs 135-148, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

135.   Paragraph 135 does not require a response.

136.   The allegations contained in paragraph 136 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

137.   The allegations contained in paragraph 137 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

138.   The allegations contained in paragraph 138 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

139.   The allegations contained in paragraph 139 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

140.   The allegations contained in paragraph 140 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

141.   The allegations contained in paragraph 141 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

142.   The allegations contained in paragraph 142 contain legal conclusions and/or Plaintiffs' characterization as opposed to factual allegations, therefore Defendants cannot form a belief as to the truth or falsity of the allegations set forth in paragraph 142 and deny the same.

143.   Defendants deny the allegations contained in paragraph 143.

144.   Defendants deny the allegations contained in paragraph 144.

145.   The allegations contained in paragraph 145 contain legal conclusions and/or Plaintiffs' characterization as opposed to factual allegations, therefore

Defendants cannot form a belief as to the truth or falsity of the allegations set forth in paragraph 145 and deny the same.

146.   Defendants deny the allegations contained in paragraph 146.

147.   Defendants deny the allegations contained in paragraph 147.

148.   Defendants deny the allegations contained in paragraph 148.

## COUNT X
## UNJUST ENRICHMENT
### (As to Defendants Keith Altman, Esq. & the Law Office of Keith Altman, PLLC, d/b/a "K Altman Law")

As to paragraphs 149-155, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

149.   Paragraph 149 does not require a response.

150.   Defendants deny the allegations contained in paragraph 150.

151.   Defendants admit the allegations contained in paragraph 151.

152.   Defendants deny the allegations contained in paragraph 152.

153.   Defendants deny the allegations contained in paragraph 153.

154.   Defendants deny the allegations contained in paragraph 154.

155.   Defendants deny the allegations contained in paragraph 155.

## COUNT XI
## CONVERSION
### (As to Defendants Keith Altman, Esq. & the Law Office of Keith Altman, PLLC d/b/a "K Altman Law")

As to paragraphs 156-159, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

156.   Paragraph 156 does not require a response.

157.   Defendants deny the allegations contained in paragraph 157.

158.   Defendants deny the allegations contained in paragraph 158.

159.   Defendants deny the allegations contained in paragraph 159.

**COUNT XII**
**UNFAIR COMPETITION, FALSE REPRESENTATIONS, FALSE DESIGNATION OF ORIGIN, and FALSE ADVERTISING UNDER THE LANHAM ACT**
**(As to Defendants Keith Altman, Esq. & the Law Office of Keith Altman, PLLC, d/b/a "K Altman Law")**

As to paragraphs 160-164, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

160.   Paragraph 160 does not require a response.

161.   The allegations contained in paragraph 161 contain legal citations and/or Plaintiffs' characterization as opposed to factual allegations, and do not require a response.

162.   Defendants deny the allegations contained in paragraph 162.

163.    Defendants deny the allegations contained in paragraph 163.

164.    Defendants deny the allegations contained in paragraph 164.

## COUNT XIII
## DECLARATORY JUDGMENT ACT

As to paragraphs 165-168, this Count has been dismissed, however because the cause of action is referred to in each of the remaining counts, Defendants respond as follows:

165.    Paragraph 165 does not require a response.

166.    Defendants admit the allegations contained in paragraph 166.

167.    Defendants deny the allegations contained in paragraph 167.

168.    The allegations contained in paragraph 168 contain legal conclusions and/or Plaintiffs' characterization as opposed to factual allegations, therefore Defendants cannot form a belief as to the truth or falsity of the allegations set forth in paragraph 168 and deny the same.

## COUNT XIV
## TORTIOUS CONDUCT OF FICTITOUS INDIVIDUALS AND ENTITIES AS TO DEFENDANTS JOHN DOES 1-10 AND ABC BUSINESS ENTITIES 1-10

169 – 173.   The allegations in paragraphs 169 through 173 do not pertain to Defendants Keith Altman, Esq. and the Law Office of Keith Altman, PLLC and therefore no response is required. To the extent that a response is required,

Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations and, therefore, deny the same.

WHEREFORE, the Defendants respectfully request judgment in their favor and against Plaintiffs, together with costs, attorneys' fees, interest and such other relief that the Court deems just and proper.

## DEFENDANTS' AFFIRMATIVE DEFENSSES

### FIRST AFFIRMATIVE DEFENSE

The allegations of the complaint fail to state a claim that entitles Plaintiffs to relief.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiffs sustained any financial damages or loss, or suffered any damage, loss or injury, such damage, loss or injury was caused in whole or in part by Plaintiffs' own acts or conduct.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damage or loss, such damage or loss was not caused by any wrongful conduct on the part of the Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants did not violate any duty, right or contractual obligations of Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the breach of their obligations under the contract.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of waiver, laches, estoppel and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff had a legally enforceable obligation under the Resolution Agreement to the Defendants of which they breached the obligation.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's RICO claim (Count I) was previously decided is identical with the one presented in the NJ RICO action in question (Count II) the prior cause of action has been finally adjudicated on the merits the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs were unjustly enriched as a result of their willful breach of the agreement between the Parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their affirmative defenses to assert that Plaintiffs' claims are barred, in whole or in part, and/or limited.

## COUNTERCLAIM OF DEFENDANTS
## KEITH ALTMAN AND THE LAW OFFICE OF KEITH ALTMAN, PLLC

Defendants/Counter-Plaintiffs Keith Altman and the Law Office of Keith Altman, PLLC, for its Counterclaims for breach of contract against Plaintiffs/Counter-Defendants Joseph Lento and The Lento Law Group, allege as follows:

## I.    PARTIES

1.    Upon information and belief, Plaintiff/Counter-Defendant Joseph D. Lento ("Lento") is a resident of the state of Pennsylvania.

2.    Upon information and belief, Plaintiff/Counter-Defendant Lento Law Firm, LLC ("LLF") is a foreign limited liability company registered in the State of Pennsylvania with a registered office at 1500 Walnut Street Suite 500 Philadelphia PA 19102, and a principal place of business at 242 Terrace Blvd., Suite D1, Voorhees, New Jersey 08043.

3.    Defendant/Counter-Plaintiff Keith Altman ("Altman") is a resident of the State of Michigan.

4.    Defendant/Counter-Plaintiff The Law Office of Keith Altman, PLLC ("KAL") is a professional limited liability company in the State of Michigan with its principal place of business at 33228 W. 12 Mile Rd., Suite 375, Farmington Hills, Michigan 48331.

## II.     JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over the present Counterclaim pursuant 28 U.S.C. §1332.

6.     An actual case and controversy exist concerning the alleged contract between the parties.

7.     The venue is proper in this district as agreed to by the Parties. (*Exhibit A; Exhibit B.*)

## III.     FACTUAL ALLEGATIONS

8.     In May 2020, a working relationship started between Plaintiffs/Counter-Defendants Lento, LLF (herein after Lento and LLF shall be referred to jointly as "Plaintiffs") and Defendant/Counter-Plaintiff Altman. ("Working Relationship").

9.     Plaintiffs had knowledge of the Working Relationship and actively participated in the Working Relationship by continuing to use Altman as a 1099 employee to provide legal services for Plaintiffs' clients.

10.     Plaintiffs and Altman entered into a verbal agreement wherein all attorneys' fees collected for pre-litigation student defense matters would be split 60/40, with 60% of the fee going to Plaintiffs as the attorney of record and 40% of the fee going to Altman for his time and labor. ("Split Fee Clients").

11.     Plaintiffs had exclusive contracts/fee agreements/engagement letters

with each Split Fee Clients that were sent by Plaintiffs to Altman to provide legal services.

12.     Plaintiffs exclusively received the fees paid by the Split Fee Clients and deposited the monies into their "operating account".

13.     Plaintiffs paid monies to Altman for the legal services performed by him for the Split Fee Clients.

14.     Plaintiffs' marketing expenses, for student defense <u>only</u>, were to be deducted off the top of all attorneys' fees prior to the fee split between Plaintiffs and Altman.  ("Verbal Contract").  The terms of the Verbal Contract are undisputed. (ECF 15 at ¶21).

15.     Due to Plaintiffs owing Altman and KAL excessive legal fees, Altman requested marketing expenses for calculation of legal fees owed to Altman minus Plaintiffs' paid marketing services specifically tailored to student defense and Title IX.

16.     To date, Plaintiffs have failed to provide an amount or documentation supporting Plaintiffs' marketing expenses.

17.     In February 2022, effective March 1, 2022, Plaintiffs and Altman agreed to a modified fee split. Under the modification, Plaintiffs were to receive 55% of the legal fees paid to Plaintiffs with Altman receiving 45% of the fee, minus Plaintiffs' student defense marketing expenses being reduced off the top of the legal

fees rendered prior to the split.

18.     Altman was to receive 25% of the consulting revenue retroactive to January 1, 2022. ("Modified Verbal Contract").

19.     Due to the growth of the services being rendered by Altman through KAL, Altman incurred additional staffing expenses.

20.     Plaintiffs and Altman agreed to a second modification of the Verbal Contract providing for Altman's law firm, KAL, salaries, approximately $100,000 per month, being reduced along with Plaintiffs' student defense marketing expenses from the Split Fee Clients' fees. ("Second Modified Verbal Contract").

21.     As of July 2022, Plaintiffs owed Altman $705,665, plus $100,000 for KAL's salaries. (*Exhibit C*)

22.     The total amount owed by Plaintiffs to Altman/KAL is $770,260.

23.     Altman provided Plaintiffs with an accounting spreadsheet evidencing the owed attorneys' fees and salary costs. (*Exhibit C*)

24.     To reduce the amount owed, Plaintiffs agreed to send $80,000 to Altman on or before July 22, 2022.

25.     On July 23, 2022, Plaintiffs only sent $55,000 to Altman, not the full agreed upon amount of $80,000.

26.     On July 24, 2022, Plaintiffs and Altman agreed to sever the Working Relationship.

27.     On July 25, 2022, John Hunt ("Hunt"), agent for Plaintiffs Lento/LLF, advised Altman that he had been appointed by Plaintiffs to negotiate the outstanding fees.

28.     Based on Hunt's representations of his appointment by the Plaintiffs/Counter-Defendants to negotiate the outstanding fees, Altman made a demand to Plaintiffs Lento/LLF in the amount of $500,000.

29.     On that same day, Altman forwarded to Plaintiffs/Counter-Defendants a Memorandum of Understanding "MOU" reflecting terms discussed between the parties for a Resolution Agreement. (*Exhibit A* – Memorandum of Understanding "MOU").

30.     The terms of the MOU reflected Plaintiff was to offer the following: 1) $365,000 payment; 2) Plaintiffs taking back all uncompleted student defense cases which were not active litigation cases; 3) Plaintiffs waving all referral fees in all litigation matters arising from the Verbal Contract to the present; 4) mutual indemnification; 5) mutual releases; and 6) mutual non-disparagement. (*Exhibit A*).

31.     On July 28, 2022, Lento/LLF revised the MOU and forwarded an unsigned copy of the same to Altman and KAL. (*Exhibit B* – "Resolution Agreement").

32.     The Resolution Agreement was drafted by Joseph Cannizzo of the Lento Law Group and edited personally by Joseph D. Lento.

33.     Lento/LLF's' revisions included a clause that stated "WHEREAS, the Parties to this Agreement desire to settle, resolve, and release all disputes, potential disputes, or causes of action which either party has asserted or could assert against the other party" (*Exhibit B*). The core elements of the contract remained unchanged throughout the versions and were as follows:

  a. Lento Law Group, LLC, Joseph Lento, Keith Altman and the Law Office of Keith Altman sought to terminate the working relationship.

  b. Lento was to pay Altman $365,000 for a full release of all claims.

  c. All pre-litigation clients were to be transferred back to Lento and the Lento Law Group as Lento had already received payment for the services.

  d. The Law Office of Keith Altman would maintain all litigation clients and would render new fee agreements to such clients removing Lento from their representation and an award of fees should litigation result in an award.

34.     On August 1, 2022, Plaintiffs filed this lawsuit in breach of the July 28, 2022, Resolution Agreement.

35.     Plaintiffs fraudulently filed this lawsuit with the information, knowledge, and belief that Plaintiffs owed fees for legal services performed by Altman.

36.     Defendants/Counter-Plaintiffs have executed their portion of the Resolution Agreement by returning all pre-litigation clients to the Lento Law Group within the parameters of the Resolution Agreement.

37.     Defendants/Counter-Plaintiffs executed their portion of the contract by executing new fee agreements for all litigation clients.

38.     The Resolution Agreement entered into between the parties on July 28, 2022, is binding.

39.     The Resolution Agreement includes payment, transfer of client files, determination of referral fees, mutual indemnification, mutual releases for the parties and mutual non-disparagement.

## IV.   CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT

40.     Defendants/Counter-Plaintiffs incorporate by reference the facts alleged in each and every allegation set forth in the preceding paragraphs of this Counterclaim as if fully set out herein.

41.     A settlement agreement is governed by the principles of contract law. *Thompson v. City of Atl. City*, 190 N.J. 359, 379, 921 A.2d 427 (2007).

42.     Plaintiffs/Counter-Defendants ("Plaintiffs") and Defendants/Counter-Plaintiffs ("Defendants") (jointly referred to herein as the "Parties") entered into an agreement.

43.     The essential terms were memorialized in writing. (*Exhibit A*; *Exhibit B*).

44.     The Parties sought to enter into a settlement agreement in order to amicably terminate the working relationship between the Parties.

45.     Both Parties agreed that $365,000 was a fair resolution to Parties' outstanding financial obligations that would allow the Parties to walk away from the working relationship.

46.     Defendants were in fact owed significantly more than the $365,000 provided for in the Resolution Agreement.

47.     Defendants accepted the $365,000 offered to walk away from the working relationship.

48.     There was a mutually agreed upon consideration to be exchanged between the Parties in order to cease the working relationship between the Parties and allow them to each go their own way.

49.     There was a mutually agreed upon consideration in which Defendants would return all of the pre-litigation client files to Plaintiffs.

50.     There was a mutually agreed upon consideration in which Defendants would maintain all of the active litigation files and provide the litigation clients with new fee agreements whereby removing Plaintiffs from their representation.

51.     There was a mutually agreed upon consideration in which Plaintiffs

would waive all potential fees in all litigation matters maintained by Defendants.

52.     Plaintiffs breached the contract when they failed to furnish the $365,000 to the Defendants.

53.     Plaintiffs breached the contract when they filed the present lawsuit against Defendants.

54.     As a direct and proximate result of Plaintiffs' actions, Defendants sustained and continue to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Defendants/Counter-Plaintiffs pray that this Court:

(a)     Enter judgment against the Plaintiffs/Counter-Defendants and in favor of Defendants/Counter-Plaintiffs for actual damages for financial loss;

(b)     Enter judgment against Plaintiffs/Counter-Defendants and in favor of Defendants/Counter-Plaintiffs for all costs sustained in connection with the prosecution of this action and defense of the lawsuit brought in violation of the contract, including attorneys' fees; and

(c)     Grant such other and further relief as justice requires.

## V.     RESERVATION OF RIGHTS AND OTHER DEFENSES

Defendants/Counter-Plaintiffs expressly reserve the right to add any additional defenses or counterclaims that discovery may reveal.

## VI.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants/Counter-Plaintiffs hereby demand a jury trial on all issues so triable by the jury.


Dated: August 1, 2023                    Respectfully Submitted,

                                         */s/ Solomon M. Radner*
                                         Solomon M. Radner, Esq. (283502018)
                                         THE LAW OFFICE OF KEITH ALTMAN
                                         33228 West 12 Mile Road, Suite 375
                                         Farmington Hills, MI 48334
                                         Telephone: (248) 987-8929
                                         solomonradner@kaltmanlaw.com
                                         *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned attorney for Defendant hereby certifies that a true and correct copy of the foregoing document has been electronically filed and is available for viewing and downloading from the ECF system in accordance with the local Federal Rules of Civil Procedure.

Dated: August 1, 2023

*/s/ Solomon M. Radner*
Solomon M. Radner, Esq.