

33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(248) 987-8929

October 30, 2023

*__Via Electronic Filing Only__*
Hon. Elizabeth A. Pascal, U.S.M.J.
United States District Court – New Jersey
Mitchell H. Cohen Building and U.S. Courthouse
4 and Cooper Streets, Room 1050
Camden, NJ  08101

>    **Re:**    ***Lento, et al. v. Altman, et al.***
>            __**Case No. 1:22-cv-04840**__

Dear Judge Pascal:

Our firm represents Defendants in the above-entitled matter.

We are writing today for your guidance and assistance in resolving outstanding discovery disputes.  Defendant served discovery on the Plaintiff on August 15, 2023. (**Exhibit A)** The parties have met and conferred on numerous occasions on all of the disputed topics seeking a mutually agreeable resoluation. While the parties have been working in good faith to resolve these disputes, we are unable to come to an agreement on the issues listed below. Due to the discovery disputes outlined in this letter, all discovery in the present case remains outstanding.

The largest issue is that of clients obtained after the relationship between Plaintiff and Defendant ended.  Defendant is not seeking any information in that regard from Plaintiff.  Plaintiff, however, is insistent that Defendant disclose client information for clients not associated with Plaintiff.Plaintiff did not have a relationship with the sought after clients, nor did Plaintiff refer these clients to Defendant.  Defendant objects to providing this information to Plaintiff on the basis that there was **__no__** non-compete agreement in place. Judge Kugler was explicitly clear at the August 4, 2022 TRO hearing that a non-compete between the parties did not exist. (**Exhibit B -  August 4, 2022, TRO transcript, Page 50, lines 5-9**).  The request to produce a list of our litigation cases, should also be disallowed. For clients in which Plaintiff was involved, the clients were informed of the severed business relationship between Plaintiff and Defendant by a letter approved by both parties. All clients that remain with Defendantchose to remain with Defendant following notification of the severed business relationship.  Plaintiff does not "own" those clients (**Exhibit B -  August 4, 2022, TRO transcript, Page 43, lines 17-22**).  Further, Plaintiff has equal access though it's own internal record keeping of the list of litigation clients that were referred to Defendant.

Plaintiff further seeks a list of joint clients that did not receive fee agreements.  As Plaintiff is aware, it is/was his responsibility to secure fee agreements for clients that he referred out to Defendants.  It was his duty that fee agreements be signed and stored. (**Exhibit C - Pennsylvania Disciplinary Committee's report dated September 18, 2023**). It was a non-delegable duty.

Plaintiff similarly seeks for Defendant to provide information to Plaintiff that is equally, more, or exclusively available to Plaintiff, including payments made to Defendants on files, refunds issued to clients by Plaintiff, and payments made by Plaintiff to Defendant.

Plaintiff continues to mention and expect his marketing expenses to be offset from the amounts owed to Defendant, however, to date, Plaintiff has not provided that information to Defendant.  Defendant has repeatedly provided Plaintiff with a spreadsheet with the clients files worked on, and with the payments made to Defendants.  If, Plaintiff intends to assert that marketing expenses be a component to this litigation, Plaintiff should be required to turn over such marketing expenses or be excluded from asserting such a claim.

Plaintiff objects to providing the structure of Plaintiff's firm.  Defendant is entitled to this information.  Plaintiff has not one, but three law firms under his ownership. Defendants are entitled to know who, individual or corporate entity, has a vested interest in the present litigation. Plaintiff posed a similar interrogatory to Defendant, which is not objected to.  Defendant asks that Plaintiff provide that information.

Defendant has requested Plaintiff provide information concerning disciplinary proceedings against Plaintiff.  Plaintiff has objected to this interrogatory on relevancy.  Defendant stands by the interrogatory as it goes to Defendant's witness potential and credibility.  Further, Defendant has been made aware of disciplinary proceedings against Plaintiff which directly relates to cases in which Plaintiff and Defendant jointly worked. Defendant is entitled to information on disciplinary proceedings as it directly relates to the subject matter of this litigation.

Defendant has requested specific information concerning Plaintiff's office administrator of Plaintiff's other law firm, Lento Law Group, John Groff.  Plaintiff has objected to this interrogatory on relevancy.  Mr. Groff has a significant role in the Plaintiff's other firm and his actions impacted the relationship between Plaintiff and Defendant.  Mr. Groff has had a multitude of discussions with Defendants in regard to the subject matter of this litigation. Additionally, Defendant believes that Mr. Groff has information concerning the relationship between Plaintiff and Defendant.

For several of the interrogatories, Plaintiff has objected to the subparts contained in the interrogatories.  These subparts are directly related to the interrogatory and form clarification for the information sought.  Plaintiff has no basis for not responding to these subparts.

For several other stated interrogatories, Plaintiff has objected to the interrogatories because Plaintiff does not understand the definition of the terms "financial relationship", "contractual relationship", and "legal representation."  These objections are solely to avoid responding to intelligible, allowable questions.

Lastly, Plaintiff objects to the following wording of this interrogatory:  **Describe in detail how Plaintiffs contend Defendants violated the covenant of Good Faith and Fair Dealing**.  The Court has allowed this claim, and Defendant is entitled to understand the factual basis for Plaintiff's allegations.  Defendant is entitled to a response to this interrogatory.  Similarly, Plaintiff objects to this interrogatory, as well:  **Describe in detail how the New Jersey RICO Act applies to the parties in this action (Count II paragraphs 71 – 78).**  The Court has allowed this claim, and Defendant is entitled to understand the factual basis for Plaintiff's allegations.  It is Defendant's contention that New Jersey has no connection to the allegation as neither party is a domiciliary of New Jersey and none of the allegations took place in New Jersey.  Defendant is entitled to a response to this interrogatory.

Defendant appreciates your guidance in this regard.

Respectfully submitted,

Keith Altman, Esq.

cc: All Counsel of Record