# EXHIBIT A

Solomon Radner, Esq. (283502018)
**LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Telephone: (248) 987-8929
solomonradner@kaltmanlaw.com
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH D. LENTO, ESQ., an individual, LENTO LAW FIRM, LLC, a limited liability company, | Civil Action No.: 1:22-cv-04840 |
| Plaintiffs, | Hon. Robert B. Kugler |
| v. | |
| KEITH ALTMAN, ESQ., an individual, and THE LAW OFFICE OF KEITH ALTMAN, PLLC, a/k/a "K ALTMAN LAW", a limited liability company, | |
| Defendants. | |

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO
### PLAINTIFFS JOSEPH D. LENTO, ESQ. and LENTO LAW FIRM, LLC

Pursuant to Rule 26(b), Rule 33, and Rule 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of New Jersey, and other applicable law, Defendants hereby propound the following Interrogatories on Plaintiffs Joseph D. Lento, Esq. ("Lento") and Lento Law Firm, LLC ("LLF") (*each to provide their own separate set of responses*). Plaintiffs' responses and

objections to these discovery requests are to be served on the undersigned within thirty (30) days from the date service at The Law Office of Keith Altman, 33228 West 12 Mile Road, Suite 375, Farmington Hills, MI 48334, keithaltman@kaltmanlaw.com.

The information being sought must be given whether secured by you, your agent, representative, attorney, or by any other person who has made this knowledge known to you or from whom you can get this information and who is competent to testify to the facts provided.

These requests are intended to cover all documents or things in the possession of Plaintiffs or subject to their custody and control, whether they are located in any department or office. These discovery requests are deemed continuing and supplemental answers to them are required immediately should you directly or indirectly obtain further or different information from the time Plaintiffs' answers are served until the time of trial.

## DEFINITIONS AND INSTRUCTIONS

I.  Definitions

As used herein, the identified terms or abbreviations have the following meanings:

1. **"Agreement"** means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

2. **"Any"** means one or more.

3. "**Communication**" means, the plural as well as the singular, and shall including any statement by any means including oral, written, non-verbal, graphic, or pictorial expression, whether or not intended for public dissemination and any transfer of information, ideas, opinions, and thoughts conveyed by any means at any time or place between any **person(s)**, but includes other transfers and exchanges of information such as records and memoranda to file.

4.  The phrase "**describe in detail**" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

5.  "**Document**" means any written, video recorded, audio recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

The term "**document**" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "**document**" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "**control**" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

6.  "**Identify**" or "**identity**" means to state or a statement of:

    a.  in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

    b.  in the case of a natural person, his or her name, business address and

3

telephone number, employer, and title or position;

c.  in the case of a communication, its date, type (<u>e.g.</u>, telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d.  in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e.  in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

7.     "**Including**" means including, but not limited to.

8.     "**Person**" means, and includes the plural as well as the singular, means any natural person (alive or deceased) as well as any natural corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental. (as defined in 1 U.S.C. § 1).

9.     "**Relating to**" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

10.     "**Year**" means calendar year or the twelve-month period on which your business records are based; if the latter is used in responding to an interrogatory, specify the twelve-month period used.

11.     "**LLF**" means Lento Law Firm, LLC and includes any other related or affiliated entity, as well as all officers, employees, members, agents, and representatives acting on behalf of such entities.

12.     "**You**" or "**your**" means Joseph D. Lento, Esq. ("Lento").

13.     "**Plaintiff(s)**" means Joseph D. Lento, Esq and/or Lento Law Firm, LLC.

14.     "**Defendant(s)**" means Keith Altman, Esq. and/or The Law Office of Keith

Altman, PLLC.

15.     **"KAL"** means The Law Office of Keith Altman, PLLC and includes any other related or affiliated entity, as well as all officers, employees, members, agents, and representatives acting on behalf of such entities.

16.     **"Altman"** means Keith Altman, Esq.

17.     The singular form of a noun or pronoun shall be considered to include within its the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

18.     The term **"Complaint"** shall mean the Amended Complaint filed in the above-captioned action, Case No. 1:22-cv-04840-RBK-EAP, on September 1, 2022.

## II.   <u>Instructions</u>

1.     Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

2.      Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process in writing.

3.     For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

4.     Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

5.     For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

## INTERROGATORIES

**INTERROGATORY NO. 1**:   Identify all persons answering or supplying information used in answering these Interrogatories.

ANSWER:

**INTERROGATORY NO. 2**:   State the name, address, and business telephone number of each person with personal knowledge regarding the facts and circumstances surrounding the happenings of the occurrences referred to in the Complaint.

ANSWER:

**INTERROGATORY NO. 3**:   Describe in detail the corporate structure of LLF, including the identities of its owners.

ANSWER:

**INTERROGATORY NO. 4**:   Identify and describe in detail the terms of the operating agreement between Defendants and Plaintiffs.

ANSWER:

**INTERROGATORY NO. 5**:  Identify and describe in detail any disciplinary complaints brought against Lento, LLF and/or Lento Law Group since March of 2020. For each disciplinary complaint state:

    a)  The date the complaint was brought;

    b)  The state in which the complaint was filed/brought;

    c)  The status of the complaint; and

    d)  If there is any mention of KAL and/or Altman in the complaint.

ANSWER:

**INTERROGATORY NO. 6**:  Describe in detail what the relationship is between John Groff and Plaintiffs.

ANSWER:

**INTERROGATORY NO. 7**:  Describe in detail the negotiations that took place on or about July 24, 2022 – August 1, 2022 with respect to a Settlement Agreement between Plaintiffs and Defendants involved in this lawsuit. Identify all individuals who were involved in these negotiations.

ANSWER:

**INTERROGATORY NO. 8**:  Identify and describe in detail all marketing expenses for which LLF claims it is owed by Defendants, for each include the following details:

    a)  the name of the vendor;

b)  total amount of bill;

c)  portion of the bill allocated to student discipline matters; and

d)  a description of the services provided.

ANSWER:

**INTERROGATORY  NO.  9**:   Identify  each  matter  assigned  by  Plaintiffs  to Defendants, including the following details:

a)  the name of the client;

b)  date of the retention of the client; and

c)  the total amount billed.

ANSWER:

**INTERROGATORY NO. 10**:  For each of the alleged extortionate acts listed in the Complaint (Count I paragraphs 41 - 50), describe in detail how Plaintiffs concluded that Altman demanded more money than he was entitled to.

ANSWER:

**INTERROGATORY NO. 11**:  Describe in detail how the New Jersey RICO Act applies to the parties in this action (Count II paragraphs 71 – 78).

ANSWER:

**INTERROGATORY NO. 12**:  For each point in time the allegations regarding the extortion statements were made in accordance with the Complaint (Count I paragraphs 41 - 50), describe in detail what the state of the financial relationship between the Parties was.

    a)  June 2021

    b)  November 2021

    c)  February 2022

    d)  May 2022

    e)  June 2022

    f)  July 2022

    g)  July 24, 2022

    ANSWER:

**INTERROGATORY NO. 13**:  Describe in detail the contractual relationship between Defendants and any client that was assigned to Defendants by Plaintiffs.

    ANSWER:

**INTERROGATORY NO. 14**:  Did Defendants provide legal representation to any clients referred to them by Plaintiffs? If so, identify those clients.

    ANSWER:

**INTERROGATORY NO. 15**:  Describe in detail how Plaintiffs contend Defendants violated the covenant of Good Faith and Fair Dealing.

    ANSWER:

Date: August 15, 2023                    Respectfully Submitted,

                                         */s/ Solomon M. Radner*
                                         Solomon M. Radner, Esq. (283502018)
                                         **LAW OFFICE OF KEITH ALTMAN**
                                         33228 West 12 Mile Road, Suite 375
                                         Farmington Hills, MI 48334
                                         Telephone: (248) 987-8929
                                         Email: solomonradner@kaltmanlaw.com

                                         *Attorney for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023, I served the foregoing document upon all parties via electronic mail.

                    */s/ Solomon Radner*
                    *Attorney for Defendants*

Solomon Radner, Esq. (283502018)
**LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Telephone: (248) 987-8929
solomonradner@kaltmanlaw.com
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH D. LENTO, ESQ., an individual, LENTO LAW FIRM, LLC, a limited liability company,<br><br>        Plaintiffs,<br><br>    v.<br><br>KEITH ALTMAN, ESQ., an individual, and THE LAW OFFICE OF KEITH ALTMAN, PLLC, a/k/a "K ALTMAN LAW", a limited liability company,<br><br>        Defendants. | Civil Action No.: 1:22-cv-04840<br><br> Hon. Robert B. Kugler |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFFS JOSEPH D. LENTO, ESQ. and LENTO LAW FIRM, LLC**

Pursuant to Rule 26(b), Rule 33, and Rule 34 of the Federal Rules of Civil

Procedure, the Local Rules of the United States District Court for the District of New

Jersey, and other applicable law, Defendants hereby propound the following Requests

for Production of Documents on Plaintiffs Joseph D. Lento, Esq. ("Lento") and Lento

Law Firm, LLC ("LLF") (*each to provide their own separate set of responses*). Plaintiffs'

responses and objections to these discovery requests are to be served on the undersigned within thirty (30) days from the date service at The Law Office of Keith Altman, 33228 West 12 Mile Road, Suite 375, Farmington Hills, MI 48334, keithaltman@kaltmanlaw.com.

The information being sought must be given whether secured by you, your agent, representative, attorney, or by any other person who has made this knowledge known to you or from whom you can get this information and who is competent to testify to the facts provided.

These requests are intended to cover all documents or things in the possession of Plaintiffs or subject to their custody and control, whether they are located in any department or office. These discovery requests are deemed continuing and supplemental answers to them are required immediately should you directly or indirectly obtain further or different information from the time Plaintiffs' answers are served until the time of trial.

### DEFINITIONS AND INSTRUCTIONS

I.  Definitions

As used herein, the identified terms or abbreviations have the following meanings:

1.  **"Agreement"** means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

2.  **"Any"** means one or more.

3.  **"Communication"** means, the plural as well as the singular, and shall including any statement by any means including oral, written, non-verbal, graphic, or pictorial expression, whether or not intended for public dissemination and any transfer of information, ideas, opinions, and thoughts conveyed by any means at any time or place

between any **person(s)**, but includes other transfers and exchanges of information such as records and memoranda to file.

4. The phrase "**describe in detail**" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

5. "**Document**" means any written, video recorded, audio recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

The term "**document**" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "**document**" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "**control**" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

6. "**Identify**" or "**identity**" means to state or a statement of:

    a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

3

b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c. in the case of a communication, its date, type (<u>e.g.</u>, telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

7.      "**Including**" means including, but not limited to.

8.      "**Person**" means, and includes the plural as well as the singular, means any natural person (alive or deceased) as well as any natural corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental. (as defined in 1 U.S.C. § 1).

9.      "**Relating to**" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

10.     "**Year**" means calendar year or the twelve-month period on which your business records are based; if the latter is used in responding to an interrogatory, specify the twelve-month period used.

11.     "**LLF**" means Lento Law Firm, LLC and includes any other related or affiliated entity, as well as all officers, employees, members, agents, and representatives acting on behalf of such entities.

12.     "**You**" or "**your**" means Joseph D. Lento, Esq. ("Lento").

13.     "**Plaintiff(s)**" means Joesph D. Lento, Esq and/or Lento Law Firm, LLC.

14.     **"Defendant(s)"** means Keith Altman, Esq. and/or The Law Office of Keith Altman, PLLC.

15.     **"KAL"** means The Law Office of Keith Altman, PLLC and includes any other related or affiliated entity, as well as all officers, employees, members, agents, and representatives acting on behalf of such entities.

16.     **"Altman"** means Keith Altman, Esq.

17.     The singular form of a noun or pronoun shall be considered to include within its the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

18.     The term **"Complaint"** shall mean the Amended Complaint filed in the above-captioned action, Case No. 1:22-cv-04840-RBK-EAP, on September 1, 2022.

19.     The term **"Counterclaim"** shall mean the Counterclaim of Defendants filed in the above-captioned action, Case No. 1:22-cv-04840-RBK-EAP, on August 1, 2023.

20.     The term **"Settlement Agreement"** shall refer to the Resolution Agreement between the parties listed as Exhibit B in the Defendant's Counterclaim.

## II.  Instructions

1.     Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

2.     Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these requests for production for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process in writing.

3.     Responses shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

4.     If objection is made to part of an item or category, the part shall be specifically stated, and inspection permitted of the remaining parts.

5.      The requesting party may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.

6.      A party who produces **documents** for inspection shall produce them as they are kept in the usual course of business and shall organize and label them to correspond with the categories in the request.

7.      If there is any **document** responsive to this Request for Production that the responding party contends is privileged or confidential and which is therefore or for any other reason being withheld, Defendant is hereby requested to provide the following information:

> a.  The name[s] of the sender[s] and author[s] of the **document**.
>
> b.  The name[s] of the **person**[s] presently in possession of such **document**.
>
> c.  The name[s] of the **person**[s] to whom the **document** or copies of the **document** were sent.
>
> d.  The date on which such **document** was prepared or written and the date on which it was transmitted.
>
> e.  The name[s] of the file[s] where the **document** is now located and the place[s] where said file[s] is [are] located.
>
> f.  A description of the subject matter of the **document**; and
>
> g.  State the statute, rule or decision that is claimed to give rise to the privilege or other reason for withholding the **document**.

8.      The Responding Party is requested to produce all **documents** as they are kept in the usual course of business and organized using an appropriate bates-stamp.

9.      If any **document** called for in this Request for Production of Documents was at one time within The Responding Party's possession, custody, or control, but is no longer within The Responding Party's possession, custody, or control, then as to each such **document**:

> a.  **Identify** each **document** by stating the type of **document**, its date, author, recipients, recipients of copies, and subject matter.
>
> b.  State the last time, place, and date that the Responding Party saw the **document**, as well as identify of the **person** in possession of the

**document**.

c. State why the **document** left the Responding Party's possession and any knowledge or information the Responding Party has regarding the current location of the **document** or any copies of the **document**.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

**<u>REQUEST NO. 1</u>**:  Any and all documents referred to in your Answers to Interrogatories.

RESPONSE:

**<u>REQUEST NO. 2</u>**:  All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by this party and any of its present or former directors, officers, or employees, concerning the subject matter detailed in the Complaint.

RESPONSE:

**<u>REQUEST NO. 3</u>**:  All documents (including, but not limited to, correspondence, notes, memoranda, journal entries, and visual or audio recordings) which relate to, describe, summarize, or memorialize any communication between Lento and Altman, concerning the subject matter of the Complaint.

RESPONSE:

**<u>REQUEST NO. 4</u>**:  All documents (including, but not limited to, correspondence, notes, memoranda, journal entries, and visual or audio recordings) which relate to,

describe, summarize, or memorialize any communication between LLF and KAL, concerning the subject matter of the Complaint.

RESPONSE:

**REQUEST NO. 5**: All documents (including, but not limited to, correspondence, notes, memoranda, journal entries, and visual or audio recordings) which relate to, describe, summarize, or memorialize any communication between Plaintiffs and Defendants (or any of their employees), concerning the subject matter of the Complaint.

RESPONSE:

**REQUEST NO. 6**: All documents (including, but not limited to, correspondence, notes, memoranda, journal entries, and visual or audio recordings) which relate to, describe, summarize, or memorialize any communication between Plaintiffs (or any of their employees) and any other person (as defined in 1 U.S.C. § 1), concerning the subject matter of the Complaint.

RESPONSE:

**REQUEST NO. 7**: All documents (including, but not limited to, correspondence, notes, memoranda, journal entries, and visual or audio recordings) which relate to, describe, summarize, or memorialize any communication between Plaintiffs and any other person (as defined in 1 U.S.C. § 1), concerning the Defendants and/or any of Defendants' employees in relation to any of the allegations contained in the Complaint.

RESPONSE:

8

**REQUEST NO. 8**:  All documents received from or provided to any other party to this action or received from any third-party since the filing of the Complaint, whether provided informally or in response to a formal request.

RESPONSE:

**REQUEST NO. 9**:  Any and all documents reflecting Plaintiffs' marketing expenses for which they claim Defendant owes a portion.

RESPONSE:

**REQUEST NO. 10**:  Any and all documents pertaining to each matter/client assigned by Plaintiffs to Defendants.

RESPONSE:

**REQUEST NO. 11**:  Any and all documents pertaining to the July 25, 2022 Settlement Agreement between the Parties (including, but not limited to, all correspondence regarding the Settlement Agreement and any draft versions).

RESPONSE:

**REQUEST NO. 12**:  Any and all documents that reflect the negative comments and/or reviews Plaintiffs' alleged clients have made to them concerning Altman.

RESPONSE:

Date: August 15, 2023                    Respectfully Submitted,

                                         */s/ Solomon M. Radner*
                                         Solomon M. Radner, Esq. (283502018)
                                         **LAW OFFICE OF KEITH ALTMAN**
                                         33228 West 12 Mile Road, Suite 375
                                         Farmington Hills, MI 48334
                                         Telephone: (248) 987-8929
                                         Email: solomonradner@kaltmanlaw.com

                                         *Attorney for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2023, I served the foregoing
document upon all parties via electronic mail.

                         */s/ Solomon Radner*
                           *Attorney for Defendants*

Solomon Radner, Esq. (283502018)
**LAW OFFICE OF KEITH ALTMAN**
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Telephone: (248) 987-8929
solomonradner@kaltmanlaw.com
*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH D. LENTO, ESQ., an individual, LENTO LAW FIRM, LLC, a limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> KEITH ALTMAN, ESQ., an individual, and THE LAW OFFICE OF KEITH ALTMAN, PLLC, a/k/a "K ALTMAN LAW", a limited liability company, <br><br> Defendants. | Civil Action No.: 1:22-cv-04840 <br><br> Hon. Robert B. Kugler |

## DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFFS JOSEPH D. LENTO, ESQ. and LENTO LAW FIRM, LLC

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants

hereby propound the following Requests for Admission to Plaintiffs Joseph D. Lento, Esq.

("Lento") and Lento Law Firm, LLC ("LLF") (*each to provide their own separate set of*

*responses*) to be responded to in writing, under oath, within thirty (30) days of the date of

service at The Law Office of Keith Altman, 33228 West 12 Mile Road, Suite 375, Farmington Hills, MI 48334, keithaltman@kaltmanlaw.com.

## **INSTRUCTIONS**

Per Rule 36(a)(4), if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. The matters which Defendants request Plaintiffs admit are listed below. Per 36(a)(3), a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

## **DEFINITIONS**

1.      The term "DOCUMENT" shall have the broadest possible meaning authorized by law and encompasses the same documents and things as the definitions in Federal Rule of Civil Procedure 34(a) and Federal Rules of Evidence 101(b)(4) and 1001. The term "DOCUMENT" includes written and recorded COMMUNICATIONS.

2.      The term "COMMUNICATION" shall mean every manner or means of disclosure or transfer or exchange of information, whether orally, by DOCUMENT or otherwise, and whether face-to-face, in a meeting, by telephone or other electronic media,

2

including computer, smartphone, modem, mail, e-mail, telegram, text message, voicemail, personal delivery, or otherwise.

3.     The term "LLF" or "Lento Firm" shall mean Lento Law Firm, LLC and includes any other related or affiliated entity, as well as all officers, employees, members, agents, and representatives acting on behalf of such entities.

4.     The terms "YOU" and "YOUR" means Joseph D. Lento, Esq. ("Lento").

5.     The term "PERSON" means any natural individual PERSON or any corporations, companies, associations, firms, partnerships, societies, and joint stock companies. (as defined in 1 U.S.C. § 1).

6.     "DEFENDANT(s)" means Keith Altman, Esq. and/or The Law Office of Keith Altman, PLLC.

7.     "KAL" means The Law Office of Keith Altman, PLLC and includes any other related or affiliated entity, as well as all officers, employees, members, agents, and representatives acting on behalf of such entities.

8.     The term "COMPLAINT" shall mean the Amended Complaint filed in the above-captioned action, Case No. 1:22-cv-04840-RBK-EAP, on September 1, 2022.

9.     The term "COUNTERCLAIM" shall mean the Counterclaim of Defendants filed in the above-captioned action, Case No. 1:22-cv-04840-RBK-EAP, on August 1, 2023.

10.     The term "SETTLEMENT AGREEMENT" shall refer to the Resolution Agreement between the parties listed as Exhibit B in the Defendant's Counterclaim.

11.     Any word used in the singular shall be construed as plural, and vice versa, as necessary to facilitate the most comprehensive answer to any of these Requests.

12.     The words "and" and "or," even when used without the other, shall be construed in the disjunctive or conjunctive, as necessary to facilitate the most comprehensive answer or response to any of these Requests.

13.     The words "any" and "all," even when used without the other, shall be construed disjunctively or conjunctively, as necessary to facilitate the most comprehensive answer or response to any of these Requests.

14.     Under Federal Rule of Civil Procedure 26(e), YOU shall have a continuing duty to amend, correct, or supplement these responses promptly upon learning that any response is incomplete or incorrect.

## **REQUESTS FOR ADMISSION**

**REQUEST TO ADMIT NO. 1**:  Admit that at no time prior to the filing of Plaintiffs' Complaint did Plaintiffs provide Defendants with any written evidence of marketing expenses.

RESPONSE:

**REQUEST TO ADMIT NO. 2**:  Admit that on multiple occasions starting no later than October of 2021, Defendants asked to be provided with evidence of marketing expenses.

RESPONSE:

**REQUEST TO ADMIT NO. 3**:  Admit that without being prompted, Defendants

4

returned the matter files of student discipline cases that did not have imminent deadlines to Plaintiffs after August 1, 2022.

RESPONSE:

**REQUEST TO ADMIT NO. 4**:  Admit that Defendants never refused to provide any requested materials to Plaintiff concerning client matters/files after August 1, 2022.

RESPONSE:

**REQUEST TO ADMIT NO. 5**:  Admit that the Parties orally agreed to the following terms and conditions when negotiating the Parties SETTLEMENT AGREEMENT on or about July 25, 2022:

a)  Defendants would return student discipline matters to Plaintiffs;

b)  Plaintiffs would pay Defendants $365,000;

c)  Plaintiffs would waive any fees from any litigation matters that they had referred to Defendants;

d)  The Parties would engage in Mutual Releases; and

e)  The Parties would not disparage each other.

RESPONSE:

**REQUEST TO ADMIT NO. 6**:  Admit the spreadsheet provided by Defendants as Exhibit C in the COUNTERCLAIM is a true and accurate representation of the clients assigned by Plaintiffs to Defendants.

RESPONSE:

**REQUEST TO ADMIT NO. 7**:  Admit that it was Plaintiffs' responsibility to have

retainer agreements sent to and signed by the clients.

RESPONSE:

**REQUEST TO ADMIT NO. 8**:  Admit that Plaintiffs and Defendants jointly represented clients assigned to Defendants by Plaintiffs.

RESPONSE:

**REQUEST TO ADMIT NO. 9**:  Admit that there was no agreement prohibiting the Parties from terminating their working relationship.

RESPONSE:

**REQUEST TO ADMIT NO. 10**:  Admit that there was no contractual term prohibiting Defendants from competing against Plaintiffs.

RESPONSE:

**REQUEST TO ADMIT NO. 11**:  Admit that despite having concerns about Altman's performance starting in 2021 (as alleged in the Complaint) Plaintiffs continued to have Altman perform consultations and continued to assign clients to Defendants.

RESPONSE:

**REQUEST TO ADMIT NO. 12**:  Admit that at no time did Plaintiffs prohibit Altman from identifying himself as being associated with KAL on dealings with clients assigned by Plaintiffs to Defendants.

RESPONSE:

6

Date: August 15, 2023                    Respectfully Submitted,

                                         */s/ Solomon M. Radner*
                                         Solomon M. Radner, Esq. (283502018)
                                         **LAW OFFICE OF KEITH ALTMAN**
                                         33228 West 12 Mile Road, Suite 375
                                         Farmington Hills, MI 48334
                                         Telephone: (248) 987-8929
                                         Email: [solomonradner@kaltmanlaw.com](mailto:solomonradner@kaltmanlaw.com)

                                         *Attorney for Defendants*


## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2023, I served the foregoing
document upon all parties via electronic mail.

                    */s/ Solomon Radner*
                     *Attorney for Defendants*

7