# KATES NUSSMAN ELLIS FARHI & EARLE, LLP

ATTORNEYS AT LAW
190 MOORE STREET
SUITE 306
HACKENSACK, N.J. 07601-7418
—
TEL. (201) 488-7211
FAX (201) 488-1210

sbarsoum@nklaw.com

BRUCE L. NUSSMAN μ
JOEL M. ELLIS *♣∞
MICHAEL FARHI *Δ•◻∞
MATTHEW Z. EARLE *♦•Δ
CARA F. LANDOLFI*¥
SANDRA M. BARSOUM *Δ♦

-----

ELIZABETH ANDES *Δ♦

* NJ & NY BARS
Δ SO. DIST. NY/EA. DIST. NY
♦ SO. DIST. NY
♣ MASS
¥ NJ & PA BARS
• US COURT OF APPEALS SECOND & THIRD CIRCUITS
◻ MEMBER OF NJAPM
∞ COURT APPROVED MEDIATOR PURSUANT TO R 1:40-12
μ US TAX COURT

FOUNDED 1913
FORMERLY
PLATOFF, HEFTLER, HARKER & NASHEL
------
HOWARD M. NASHEL
(1936-2006)
-----
OF COUNSEL

MICHAEL B. KATES
ZAKIM & ZAKIM P.C
FLOWERS & O'BRIEN, LLC
KELLY J. DEERE*
ROBERT NUSSBAUM*

November 20, 2023

<u>Via Electronic Filing Only</u>
Hon. Elizabeth A. Pascal U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

  **RE:**  **JOSEPH D. LENTO, ESQ. et al. v. KEITH ALTMAN, ESQ. et als.**
     **Case No.: 1:22-cv-04840**

Dear Judge Pascal,

 This firm represents the Plaintiffs, Joseph Lento, Esq., and the Lento Law Firm. In accordance with your directive of November 13, 2023 (Document No. 91), I respectfully submit this letter memo regarding the discovery disputes between the parties. Specifically, the main source of contention between the parties is: (2) whether the Defendant should produce post July 24, 2022 Discovery; and (b) whether the Plaintiff should produce information related to disciplinary proceedings against Mr. Lento.

 **<u>Post July 24, 2022, Discovery</u>.**

 Paragraphs 48 to 54 and amended Count V, Tortious Interference with Prospective Economic Advantage of the Plaintiffs' Amended Complaint indicates that after the termination of the parties relationship on July 24, 2022 (which is by consensus the date of termination of the parties' verbal contract) the Plaintiffs discovered that the Defendants had unleashed a new website that largely copied LLF's website by paraphrasing each section, listing student testimonials for cases referred to him by Lento, and most egregiously posting pay per click ads on Google using the LLF name but directing traffic to Altman's Firm.  On that basis, the Plaintiffs requested that the Defendants provide

KATES NUSSMAN ELLIS FARHI & EARLE, LLP

information relating to the clientele and income earnings after the July 24, 2022 ("termination date"). However, the Defendants have objected to producing any discovery related to clients and fees the termination date on the basis that it is irrelevant to the matter, and because Judge Kugler indicated at a TRO hearing that no non-compete agreement existed between the parties. However, the Defendants' objections are without any merit[1].

First, the Defendants misleadingly have asserted that Judge Kugler ruled at the time of the order to show cause hearing that a noncompete between the parties did not exist." In fact, the decision was "[t]here's no noncompete agreement forth in effect post termination." <u>However and significantly, at the time of this decision, the allegations of the Second Amended Complaint, in particular Paragraphs 48 to 54 and amended Count V, Tortious Interference With Prospective Economic Advantage, were not before him</u>. Second, it is respectfully submitted that we are entitled to the requested information post termination date because the requested information is crucial to the issues at stake in the litigation and Plaintiffs' claim for tortious interference with prospective economic advantage. Indeed, the requested records are directly related to and relevant to the subject matter of the action since it is the Plaintiff's contention that the Defendants' alleged tortious acts including primarily the duplication of our clients' website and diversion away from the LLF's website, continued beyond that date and to date, resulting in "improperly obtained" clients and fees. Access to this information undoubtedly goes to the issue of Plaintiff's damages in this case, to which he is clearly entitled under the rules of discovery[2].

**<u>Plaintiff's Disciplinary Proceedings</u>**.

The Defendants have requested that the Plaintiff provide information concerning disciplinary proceedings against Mr. Lento. The Plaintiffs have objected to this request on the basis of relevancy since the disciplinary charges against Mr. Lento either related to clients whose hire predated the contractual relationship with Mr. Altman or are otherwise not related to the contractual relationship at issue in this case. The Defendant has failed to articulate the relevance of this information, but also has failed to argue that the actions which are the subject of the disciplinary proceeding are connected, or have any temporal relation, to Mr. Lento's conduct in this case. Instead, Defendants argue that the requested information "goes to [his] witness potential and credibility.[3]"

---

[1] A party seeking to compel discovery bears the initial "burden of showing that the information sought is relevant to the subject matter of the action." If that burden is met, the objecting party "must state with specificity the objection and how it relates to the particular request being opposed[.]"

[2] It is undisputed that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Arena v. RiverSource Life Ins. Co</u>., 2017 U.S. Dist. LEXIS 209433 1, 4.

[3] It should be noted that in the Red Wine case, Mr. Altman had his pro hac vice status revoked and he was referred to the Pennsylvania disciplinary board. Further, it was found that his conduct "[m] constitute violations of Pennsylvania rules of professional conduct." Similarly, the La'Slondi Copelin case references misconduct by Mr. Altman.

**KATES NUSSMAN ELLIS FARHI & EARLE, LLP**

However, Plaintiffs' further object to this production on the basis of FRE 403 which states that: a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." To overcome this, the Defendants would have to articulate its probative value, which they have failed to do. In that regard, Plaintiffs' respectfully submit that the Court be guided by the following authority:

> Discretionary analysis by court under rule which allows admission of prior bad acts of witness for purposes of impeachment is circumscribed by standard for admissibility of evidence which allows exclusion if probative value of evidence is substantially outweighed by its prejudicial effect. U.S. v. Devery, S.D.N.Y.1996, 935 F.Supp. 393, affirmed 128 F.3d 38, certiorari denied 118 S.Ct. 1399, 523 U.S. 1065, 140 L.Ed.2d 657

**Remaining Discovery Issues**.

The rest of the Defendants' objections to Plaintiffs' request for information also fall short. For example, Defendants objected to Plaintiff's request that they provide a list of litigation cases and request for accounting of fee payments made to Defendant by clients of refunding fees between the parties during the relevant time period on the basis of that the Plaintiff had access to this information. However, Plaintiffs' request for this information is a significant issue in this case as to which party collected what fees from what clients and is required in order to do a cross-reference of such information in order to calculate damages. Defendants' efforts to proclaim without proof that "it was Plaintiff's responsibility" does not relieve them of responsibility to responding to the discovery demand.

Respectfully submitted,
**Sandra M. Barsoum, Esq.**