# KATES NUSSMAN ELLIS FARHI & EARLE, LLP

ATTORNEYS AT LAW
190 MOORE STREET
SUITE 306
HACKENSACK, N.J. 07601-7418
—
TEL. (201) 488-7211
FAX (201) 488-1210

sbarsoum@nklaw.com

BRUCE L. NUSSMAN μ
JOEL M. ELLIS *♣∞
MICHAEL FARHI *Δ•▫∞
MATTHEW Z. EARLE *♦•Δ
CARA F. LANDOLFI*¥
SANDRA M. BARSOUM *Δ♦

-----

ELIZABETH ANDES *Δ♦

FOUNDED 1913
FORMERLY
PLATOFF, HEFTLER, HARKER & NASHEL
------
HOWARD M. NASHEL
(1936-2006)
-----
OF COUNSEL

MICHAEL B. KATES
ZAKIM & ZAKIM P.C
FLOWERS & O'BRIEN, LLC
KELLY J. DEERE*
ROBERT NUSSBAUM*

\* NJ & NY BARS
Δ SO. DIST. NY/EA. DIST. NY
♦ SO. DIST. NY
♣ MASS
¥ NJ & PA BARS
• US COURT OF APPEALS SECOND & THIRD CIRCUITS
▫ MEMBER OF NJAPM
∞ COURT APPROVED MEDIATOR PURSUANT TO R 1:40-12
μ US TAX COURT

February 5, 2024

*Via Electronic Filing Only*
Hon. Elizabeth A. Pascal U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

      **RE:**    **JOSEPH D. LENTO, ESQ. et al. v. KEITH ALTMAN, ESQ. et als.**
             **Case No.: 1:22-cv-04840**

Dear Judge Pascal,

    This firm represents the Plaintiffs, Joseph Lento, Esq., and the Lento Law Firm ("Plaintiffs"). The parties submit this Joint Status Report in accordance with the Court's January 12, 2024, Discovery Dispute and Amended Scheduling Order. The parties regret to inform the Court that outstanding discovery disputes remain between the parties remain unresolved. This Joint Status Report is being submitted one day late with the consent of all parties to allow the parties time to further describe their discovery disputes.

    On or about January 19, 2024, the Plaintiff served its First Set or Requests for Production of Documents. That very same day, the parties "meet and confer[ed]" by telephone as required by the Court's January 12, 2024, Discovery Dispute and Amended Scheduling Order. At that time, Mr. Altman expressed various objections to the Plaintiff's Request for Production of Documents. As per counsel's agreement, Mr. Altman was supposed to provide Plaintiff's counsel with its written objections to the Plaintiff's Document Request by the following Monday, January 22, 2024. Unfortunately, however, Mr. Altman did not provide written objections to the Plaintiff's Document Request until February 2, 2024.

Accordingly, having had insufficient time to thoroughly review Mr. Altman's February 2, 2024, counsel for Plaintiff was delayed it formulating its portion of this correspondence, thereby causing a delay in the submission of the parties' joint status correspondence. The parties apologize to the Court for any inconvenience this may have caused. However, it appears that the following discovery disputes with regard to Plaintiff's Request for Production of Documents remain open as between the parties:

    a)    **Request No. 1**: **Copies of engagement letters with all clients on Plaintiff-related cases, including but not limited to the shared student defense cases.**

The Defendants objected to this request as being "overly broad, indiscernible, and irrelevant." However, the Defendants' objection is without merit. Asking the Defendants to produce copies of the engagement letters with clients on the shared student defense cases is not overly broad nor irrelevant. Indeed, the parties had agreed that Altman would assume the responsibility of sending out the initial letters of representation in the student defense matters using the Lento Law Firm letterhead. However, it was subsequently discovered that Altman was sending out initial letters of representation (engagement letters) were being sent out with the Altman law firm letterhead. (See, Par. 36, 76-77 of Plaintiffs' Amended Complaint.) Therefore this information is certainly relevant to the claims at hand.

The Defendants maintain that the Plaintiffs had a non-delegable duty to send mutual clients fee agreements/retainer agreement; and that the fee agreements were included in the files sent to Plaintiffs with the shared files in 2022. Thus, Defendants have already complied with this request.

However, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, the Court should order the Defendant to comply with this request.

b) **Request No. 6: Client ledger cards showing billings and collections on all Plaintiff related cases, including but not limited to the shared student defense cases.**

The Defendants objected to this request as being "overly broad, indiscernible, and irrelevant." However, the Defendants' objections are without merit. Asking the Defendants to produce billing statements in the shared student defense cases is not overly broad and it certainly not irrelevant. Indeed, the Plaintiff's Amended Complaint alleges that at some point during the parties' relationship, the Altman law Firm began covertly securing additional work and funds from the shared clients to the exclusion of the Plaintiff. (See, Par. 78 of Plaintiffs' Amended Complaint.) As such, this information is relevant to the claims in this matter.

Defendants maintain that the Defendants have provided Plaintiffs with a list of clients and the amounts billed by Plaintiffs and the amounts owed to Defendants. Defendants did not collect money from shared clients, so there are no responsive documents.

However, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, to the extent that such documents do exist, the Court should order them to be produced.

c) **Request No. 7: A current listing of accounts receivable from Plaintiff's clients, including but not limited to the shared student defense cases.**

The Defendants, without explanation, objected to this request as being "impermissible." Defendants further objected to this request on the contention that they do not need to "create documents." However, the Defendants' objection is without merit.

The Complaint alleges that the Plaintiffs discovered that Defendant Altman and the Altman Law firm was covertly securing additional funds from clients on some of the shared

student defense matters to the exclusion of the Plaintiffs. (See, Par. 78 of Plaintiffs' Amended Complaint.) Furthermore, the Defendants' argument is it was not properly compensated for its services by the Plaintiff in relation to the terms of the parties' business relationship. This information is central to the parties' calculation of the respective damages and is certainly helpful to the parties in this case.

While it is true that a responding party need not create a document not in existence for reasons of it not being within a party's "possession, custody, or control," ineffective record-keeping is not an excuse for avoiding discovery. Furthermore, in the interests of judicial efficiency, the Defendant should return the courtesy of compiling compile information in a manner most accessible to the parties as the Plaintiffs have repeatedly done. The Defendants should be ordered to comply with this request.

The Defendants maintain that the Defendants have provided Plaintiffs with a list of clients and the amounts billed by Plaintiffs and the amounts owed to Defendants. Defendants do not have an accounts receivable for Plaintiff-related cases.

However, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, to the extent that such documents do exist, the Court should order them to be produced.

d) **Requests Nos. 12-39:** **These requests ask for documents that relate to specific allegations as they appear in the Defendants' Answer and Counterclaim.**

The Defendants objected to this request on the basis that such requests for "improper and burdensome." However, the Defendants' objections are without merit. Asking the Defendants to documents (assuming they exist) that relate to the specific allegations of the Defendants' Answer and Counterclaim as specifically identified in the request is certainly permissible.

> Furthermore, the Defendants' have not explained why such a request is "burdensome." As this Court noted in its November 27, 2023 Order: "'To resist answering interrogatories, a party cannot invoke [a] defense of oppressiveness or unfair burden without detailing [the] nature and extent thereof; simply decrying expense to the party will not satisfy such obligations; rather a party must show specifically how each interrogatory is burdensome or oppressive." 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2174 at 73 n.20 (3d ed. 2010) ("Wright & Miller") (citing *Martin v. Easton Pub. Co.*, 85 F.R.D. 312 (E.D. Pa. 1980)).

> Defendants maintain that the Plaintiffs' requests need to be more clearly defined and are overbroad. As Defendants have explained to Plaintiffs' counsel, these requests need more specificity and detail as to what is sought.

> However, the specific allegations noted in the complaint contain specific allegations for which Plaintiff seeks relevant documents. As such, the Defendants should be ordered to comply with this request.

e) **Request No. 41:** **A copy of all memos, telephone messages, notes, correspondence or other documents relating to the shared student defense cases or otherwise relevant to the subject matter of this case.**

> The Defendants objected to this request as being "overly broad, indiscernible, and irrelevant." However, the Defendants' objections are without merit. Asking the Defendants to produce memos, telephone messages, notes, correspondences or other documents, (assuming they exist) in relation to the shared student defenses cases is relevant to the claims and defenses in this matter and are discoverable.

> The Defendants maintain that the Plaintiffs have been provided with all of the shared student defense files and have them in their possession. Furthermore, Plaintiffs have conflated the cause of action for the Breach of Covenant of Good Faith and Fair Dealing into a malpractice action, which has already been dismissed by the Court.

However, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, the Court should order the Defendant to comply with this request.

f) **Request No. 42:** Copies of any and all communications between you and your employees and/or agent concerning the subject matter of this litigation including electronic communications.

The Defendants objected to this request on the basis of the Attorney-Client Privilege. However, this objection is without merit. Indeed, the Defendant cannot object to the production documents evidencing communications between the Defendants and its employees—i.e., inter-office communication on the basis of the Attorney Client Privilege, which is inapplicable here. The Defendants should be ordered to comply with this request.

As it pertains to the shared student defense files, Defendants maintain that they have already provided those communications to Plaintiffs. Because Defendant is self-represented and has appeared in this action *pro hac vice*, his communication with his staff concerning the present litigation is protected communication.

Again, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Furthermore, the Plaintiff disagrees with the Defendants' contention that communication with his staff is protected communication. Furthermore, Plaintiff seeks to clarify that it is not seeking written documentation/communication between Altman and his staff as it pertains to this present litigation, but specially as it pertains to the shared student defense cases only.

KATES NUSSMAN ELLIS FARHI & EARLE, LLP

Accordingly, the Court should order the Defendant to comply with this request.

g) **Request No. 46: Copies of any notes or writings prepared by you or in your possession that relate to the subject matter of this litigation.**

As it pertains to the shared student defense files, the Defendants maintain that they have already provided those communications to Plaintiffs. And Because Defendant is self-represented and has appeared in this action *pro hac vice*, his communication with his staff concerning the present litigation is protected communication. Furthermore, this request is overly broad.

However, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Furthermore, the Defendants' objection is without merit. The Plaintiffs' First Set of Request for Production is intended to be answered by Defendant Altman in his individual capacity. It is improper for Defendant Altman to blur this line by asserting an Attorney-Client Privilege on his own behalf. Furthermore, the Attorney-Client Privilege only applies to communications, not written notes or other documents.

Accordingly, the Court should order the Defendants to comply with this request.

h) **Request No. 47:** Any documents prepared by you relating to the subject matter of this litigation.

As it pertains to the shared student defense files, Defendants have already provided those communications to Plaintiffs. Because Defendant is self-represented and has appeared in this action *pro hac vice*, his communication with his staff concerning the present litigation is protected communication.

However, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start

KATES NUSSMAN ELLIS FARHI & EARLE, LLP

of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Furthermore, the Defendants' objection is without merit. The Plaintiffs' First Set of Request for Production is intended to be answered by Defendant Altman in his individual capacity. It is improper for Defendant Altman to blur this line by asserting an Attorney-Client Privilege on his own behalf. Furthermore, the Attorney-Client Privilege only applies to communications, not written notes or other documents.

Accordingly, the Court should order the Defendants to comply with this request.

i) **Request No. 49: All emails between you and the Plaintiff regarding the subject matter of this litigation in their native file formats.**

The Defendants object to this request on the basis that it is repetitive of requests No. 10, 40, and 48. However, the Defendants' objections are without merit. While Request No. 10 asks the Defendants to produce general communications between the parties, this request specifically requests communications through those specific platforms. Request No. 40 asks the Defendants to provide all relevant documents such as –notes,
invoices, bills, contracts etc., relevant to the shared student defense cases. Request No. 48 is specific to communications between parties in specific platforms.  As such, Request No. 49 is not repetitive to Request No. 10, 40, or 48 as the Defendants' assert. As such, the Defendants should be ordered to comply with this request.

Defendants will comply with this request once Plaintiffs have provided Defendants with agreed upon keyword searches.

However,

j) **Request No. 53: All emails or other correspondences from disgruntled students on the refunded cases.**

KATES NUSSMAN ELLIS FARHI & EARLE, LLP

The Defendants objected to this request as being "overly broad, indiscernible, and irrelevant." However, the Defendants' objections are without merit. Asking the Defendants to produce emails or other correspondences from disgruntled or dissatisfied students from any of the shared student defense matters (assuming they exist) is relevant to the claims and defenses in this matter and are discoverable. (See, Par. 34, 76-77 of Plaintiffs' Amended Complaint.) As such, this request is relevant to the claims in this matter.

Plaintiffs have been provided with all of the shared student defense files and have them in their possession. Furthermore, Plaintiffs have conflated the cause of action for the Breach of Covenant of Good Faith and Fair Dealing into a malpractice action. The malpractice claim was already dismissed by this court.

However, this request has nothing to do with any malpractice claim. It is relevant to the Plaintiff's allegation that the Defendants mishandled the shared-student defense cases, for example, by failing to respond to client emails in a timely fashion.
Furthermore, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, this court should order the Defendants to comply with this request.

k) **Request No. 54: All emails or other correspondences from Michael Hawkins.**

The Defendants' objection to this request on the basis that the Plaintiff failed to define the term "correspondence," and also failed to specify the subject matter and time period. The Defendants' objections are entirely superficial. Michael Hawkins is a former shared student defense case client. Per the Defendants' discovery response, Michael Hawkins was issued a refund. Mr. Altman's February 2, 2024 letter acknowledges the time period in question, the term "correspondence" shall mean "document" which was defined in Plaintiff's First Set of Requests for Production of Documents. The Plaintiff is entitled to review any emails from Michael Hawkins as it pertains to the

reasons and request for the refund; which is in turn, central to central to the parties' calculation of the respective damages and is certainly helpful to the parties in this case.

Defendants maintain that communication between Mr. Hawkins and Defendants is protected by the attorney-client privilege. Mr. Hawkins chose to enter into a new agreement with Defendants that did not include Plaintiffs after the termination of the partnership between Plaintiffs and Defendants.

To clarify, however, the Plaintiff only seeks emails and other correspondences from Michael Hawkins which originated during the course of the parties shared student defense work and not as it pertains to the new agreement with the client.

Accordingly, the Defendants should be ordered to produce this information as well.

l) **Request No. 55**: **Copies of all retainer agreements sent by Altman in any of the shared student defense cases.**

The Defendants objected to this request as being "overly broad, indiscernible, and irrelevant." However, the Defendants' objection is without merit. Asking the Defendants to produce copies of the engagement letters (or retainer agreements) with clients on the shared student defense cases is not overly broad nor irrelevant. Indeed, the parties had agreed that Altman would assume the responsibility of sending out fee arrangements to new clients but that it was eventually discovered that Altman had been neglecting to do so, and that many student defense cases which Altman handled for Lento were performed without a fee arrangement or retainer. (See, Par. 78 Plaintiffs' Amended Complaint.) As such, this request is relevant to the claims in this matter.

Defendants allege that the Plaintiffs had a non-delegable duty to sent mutual clients fee agreements/retainer agreements; and that these agreements were previously provided to Plaintiffs and is duplicative of other requests.

However, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the

Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, this court should order the Defendants to comply with this request.

m) **Request No. 57: A list of all mutual clients between Lento and Altman.**

The Defendants, without explanation, objected to this request as being "impermissible." Defendants further objected to this request on the contention that they do not need to "create documents." However, the Defendants' objection is without merit.

As explained above, the parties disagree with whether the Defendants were properly compensated for their work on the shared student defense cases. Asking the Defendants to provide a list of all those matters that the parties shared is central to the parties' calculation of the respective damages and is certainly helpful to the parties in this case.

While it is true that a responding party need not create a document not in existence for reasons of it not being within a party's "possession, custody, or control," ineffective record-keeping is not an excuse for avoiding discovery. Furthermore, in the interests of judicial efficiency, the Defendant should return the courtesy of compiling compile information in a manner most accessible to the parties as the Plaintiffs have repeatedly done. The Defendants should be ordered to comply with this request.

Defendants provided a complete list of mutual clients to Plaintiffs. It is attached as Exhibit C to Defendants' Cross Claim. In addition, Plaintiffs provided an unredacted Exhibit C to Plaintiffs when requested.

n) **Request No. 58: A copy of your complete file on or for each mutual clients between Lento and Altman.**

The Defendants objected to this request on the basis that the Plaintiffs failed to define the term "mutual clients." In that regard, "mutual clients" shall refer to any client or matter which was referred by Plaintiff to Defendant; or any other client or manner which parties shared work.

As explained above, the parties disagree with whether the Defendants were properly compensated for their work on the shared student defense cases. Asking the Defendants to provide a complete copy of the clients' respective file for each of the shared student defense cases is central to the parties' calculation of the respective damages without which would be prejudicial to the Plaintiffs' case. This information sought by this request is highly probative and the Defendants must be ordered to produce it.

The Defendants maintain that the Plaintiffs have been provided with all of the shared student defense files and have them in their possession. Furthermore, Plaintiffs have conflated the cause of action for the Breach of Covenant of Good Faith and Fair Dealing into a malpractice action.

However, this request has nothing to do with any malpractice claim and is certainly relevant to the facts of this matter.

Furthermore, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, the Court should order the Defendants to comply with this request.

o) **Request No. 59: All of the Defendants' billing invoices and/ other documents reflect the hourly rate charged, time spent, and scope of legal work performed by Defendants in relation to each of the shared student defense cases relevant to this matter.**

The Defendants objected to this request as being "overly broad, indiscernible, and irrelevant." However, the Defendants' objection is without merit. The core of the Defendants' contention is that it performed work on the shared student defense matter for which it was not properly compensated. The Plaintiff alleges that the Defendants mishandled the shared student defense matters, specifically by failing on more than one occasion to follow-up with clients' phone calls and emails, which lead to several matters not being handled in a timely

manner, such that the clients became frustrated and demanded the issuance of a refund of their fee. (See, Par. 27 of Plaintiffs' Amended Complaint.) The Defendants contend that they were entitled to compensation for their work on the shared student defense cases. Asking the Defendants to provide copies of its billing invoices and/or other documents that reflect hourly rate charged, time spent, and scope of legal work performed by Defendants in relation to each of the shared student defense will show exactly what and how much work it did in each of the student defense cases as would entitle it to the extortionate demand of sums it made on the Plaintiffs. Thus, this request is relevant and permissible.

Plaintiffs have been provided with all of the shared student defense files and have them in their possession. Furthermore, Plaintiffs have conflated the cause of action for the Breach of Covenant of Good Faith and Fair Dealing into a malpractice action. The Court has already dismissed the malpractice cause of action.
Again, this request has nothing to do with any malpractice claim. It is relevant to both the Plaintiffs' claim and the Defendants' defense regarding its entitlement to money from the Plaintiff for the work it performed on the shared student cases.

Furthermore, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, the Court should order the Defendants to comply with this request.

p) **Request No. 60: Copies of legal invoices sent to each of the shared student defense cases relevant to this matter reflecting work performed by you on those matters.**

The Defendants objected to this request as being "overly broad, indiscernible, and irrelevant." However, the Defendants' objection is without merit. The Defendants contend that it performed work on the shared student defense matter for which it was not properly compensated. The Plaintiff alleges that the Defendants mishandled the shared student defense matters, specifically by failing on more than one occasion to follow-up

with clients' phone calls and emails, which lead to several matters not being handled in a timely manner, such that the clients became frustrated and demanded the issuance of a refund of their fee. (See, Par. 27 of Plaintiffs' Amended Complaint.) The Defendants contend that they were entitled to compensation for their work on the shared student defense cases. Asking the Defendants to provide copies of its billing invoices and/or other documents that reflect hourly rate charged, time spent, and scope of legal work performed by Defendants in relation to each of the shared student defense will show exactly what and how much work it did in each of the student defense cases as would entitle it to the extortionate demand of sums it made on the Plaintiffs. Thus, this request is relevant and permissible.

Defendants maintain that the Plaintiffs have been provided with all of the shared student defense files and have them in their possession. Furthermore, Plaintiffs have conflated the cause of action for the Breach of Covenant of Good Faith and Fair Dealing into a malpractice action. The Court has already dismissed the malpractice cause of action.

However, this request has nothing to do with any malpractice claim. It is relevant to both the Plaintiffs' claim and the Defendants' defense regarding its entitlement to money from the Plaintiff for the work it performed on the shared student cases.

Furthermore, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, the Court should order the Defendants to comply with this request.

q) **Request No. 61: Billing invoices and other documents reflecting the hourly rate charged, time spent, and scope of work performed by any of the Defendants' employees in relation to each of the shared student defenses cases relevant to this matter.**

KATES NUSSMAN ELLIS FARHI & EARLE, LLP

The Defendants objected to this request as being "overly broad, indiscernible, and irrelevant." However, the Defendants' objection is without merit. The Defendants contend that it performed work on the shared student defense matter for which it was not properly compensated. The Plaintiff alleges that the Defendants mishandled the shared student defense matters, specifically by failing on more than one occasion to follow-up with clients' phone calls and emails, which lead to several matters not being handled in a timely manner, such that the clients became frustrated and demanded the issuance of a refund of their fee. (See, Par. 27 of Plaintiffs' Amended Complaint.) The Defendants contend that they were entitled to compensation for their work on the shared student defense cases. Asking the Defendants to provide copies of its billing invoices and/or other documents that reflect hourly rate charged, time spent, and scope of legal work performed by Defendants in relation to each of the shared student defense will show exactly what and how much work it did in each of the student defense cases as would entitle it to the extortionate demand of sums it made on the Plaintiffs. Thus, this request is relevant and permissible.

> Plaintiffs have been provided with all of the shared student defense files and have them in their possession. Furthermore, Plaintiffs have conflated the cause of action for the Breach of Covenant of Good Faith and Fair Dealing into a malpractice action. The Court has already dismissed the malpractice cause of action.

Again, this request has nothing to do with any malpractice claim. It is relevant to both the Plaintiffs' claim and the Defendants' defense regarding its entitlement to money from the Plaintiff for the work it performed on the shared student cases.

Furthermore, the fact that the Defendants may have previously sent this information directly to the Plaintiff, prior to the start of the litigation and before this firm was retained to represent the Plaintiff does not excuse or otherwise justify the Defendants refusal to provide this information at this stage of the proceeding.

Accordingly, the Court should order the Defendants to comply with this request.

KATES NUSSMAN ELLIS FARHI & EARLE, LLP

r) **Request No. 62: Copies of payroll and other financial documents reflecting payment to any employee of the Defendants who performed any work concerning each of the shared student defenses cases relevant to this matter.**

The Defendants objected to this request on the grounds that the "the burden outweighs the benefit to the issues in this case…" and that such request is "undiscoverable." Specifically, the Defendants maintain that that the Defendants' have made no claim in this lawsuit with respect to salaries or expenses incurred by Defendants. Defendants only claim is that the agreement reached by the parties be enforced. The burden of production far outweigh any benefit given the existing claims in this case.

However, the Plaintiff disagrees. Upon information and belief, the Plaintiff has claimed that Defendant Altman justified his demand for an extortionist amount of money from the Plaintiff on the basis that Defendant Altman needed more funds from the Plaintiff in order to pay his employees for working on the shared student defense cases. That being the case, the Plaintiff would be permitted to request payroll information in order to confirm the veracity of Altman's claim. The Court should order the Defendants to produce this information.

s) **Request No. 66: All correspondence and documents relating to the matters which are the subject of this suit, that were exchanged between Defendant Attorney and any person, firm, company or organization.**

The Defendants objected to this request on the basis of the Attorney-Client Privilege. However, this objection is without merit. Indeed, the Defendant cannot object to the production documents evidencing communications between the Defendants third-parties on the basis of the Attorney Client Privilege, which is inapplicable here. The Defendants should be ordered to comply with this request.

To the extent that the documents being sought are not protected by the attorney-client privilege, Defendants will produce said documents once Plaintiffs and Defendants have agreed to keyword searches.

While the Notice to Produce discovery disputes remain outstanding, the parties were able to exchange responses to Interrogatories. In that regard, the parties respectfully submit that so long so long as the Plaintiff's Motion to Amend its Complaint remains open and undecided,

the Court should expect further discovery disputes between the parties. Indeed, Defendants contend that many of Plaintiffs' requests are outside the scope of this litigation and the remaining causes of action left in the case. The only two remaining causes of action are the New Jersey RICO claim and Breach of the Covenant of Good Faith and Fair Dealing. Plaintiffs continue to seek information for causes of action that have been dismissed. And while the Plaintiffs did reduce the number of requests to 66 from 91, this number is still excessive and many of them continue to be outside the scope of what is discoverable or requires more refinement. Also worth noting is the fact that , in the event that the court grants the Plaintiffs' Motion to Amend its Complaint, then it might also reasonably expect more discovery requests from the parties. It is respectfully submitted that the Court should decide Plaintiff's Motion to Amend the Complaint as soon as possible.

Finally, the Court should be advised that counsel for the parties have agreed to conduct depositions of the parties and witnesses by March 2024. Defendants provided Plaintiffs with proposed dates for depositions on February 5, 2024 at 1:30 p.m., but have not received a response or had the opportunity to meet and confer in that regard.

Thank you for your courtesies and consideration.

Respectfully Submitted,
**KATES, NUSSMAN, ELLIS FARHI & EARLE, LLP**

*/s/ Sandra M. Barsoum*
**Sandra M. Barsoum, Esq.**

**/s/Keith Altman**
**Keith Altman, Esq.**

**/s/Solomon M. Radner**
**Solomon M. Radner, Esq.**