

33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(248) 987-8929

March 21, 2024

***Via CM/ECF***
Hon. Elizabeth A. Pascal, U.S.M.J.
United States District Court – New Jersey
Mitchell H. Cohen Building and U.S. Courthouse
4 and Cooper Streets, Room 1050
Camden, NJ  08101

      **Re:**   ***Lento, et al. v. Altman, et al.***
           <u>**Case No. 1:22-cv-04840**</u>

Dear Judge Pascal:

Our firm represents Defendants in the above-entitled matter.  In anticpation of the discovery conference scheduled for March 22, 2024 at 10 a.m., Defendants provide the following:

On Tuesday, March 19, 2024, a telephone conference was scheduled to go over discovery issues that was again abruptly canceled by Plaintiffs' attorneys immediately before the call was set to begin. On Wednesday, March 20, 2024, a brief telephone call was had between the Parties. Defendants again advised the Plaintiffs that the search terms requests for discovery were overly broad, unreasonable, and not likely to uncover evidence in which to support the remaining causes of action.

When addressing the scope of discovery under the revised Rule 26(b)(1), the Court must consider a number of factors: (1) the importance of the issues at stake in this action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Discovery requests may still be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts determine the proportionality of discovery on a case by case basis with the aforementioned factors, and "no single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional." *Emplrs Ins. Co. v. Daybreak Express, Inc.*, Civ. No. 16-4269 (JLL/SCM), 2017 U.S. Dist. LEXIS 86224, at *5 (D.N.J. June 5, 2017).

A review of the applicable factors is as follows:

**FACTOR 1**.   The issues in this action pertain to a contractual relationship between two attorneys and their respective law firms. The issues are important as they impact the way in which the legal profession is conducted. Following Your Honor's ruling on the Parties respective motions to dismiss, the following claims in the operative complaint remain: New Jersey RICO Act claim against Altman, only; and Breach of Good Faith and Fair Dealing against Altman and the Law Office of Keith Altman.

**FACTOR 2**.   The amount in controversy in the case is uncertain. Based on the operative complaint it appears to be limited to the amount Plaintiffs were required to refund to clients.

**FACTOR 3**.   Defendants maintain exclusive access to its email servers and the contents of such.

**FACTOR 4**.   The discovery sought by Plaintiffs through the search terms provided are overly broad and unreasonable. The burden on the Defendants is exterme. It is estimated that the provided search terms will take approximately 100 hours to procure the emails requested and will produce approximately 200,000 emails.

The Defendants have sought to limit the search terms with the Plaintiffs, unsuccessfully. Notably, Plaintiffs' seek all emails from multiple of Defendants' staff. Emails that would include communications with solely KAL clients, business records, human resources communications, daily firm communications, etc., all of which Plaintiffs are not entitled to and would be privileged. Additionally, a review of this additional information would be unduly burdensome.

Defendants have an IT department of one individual qualified to pull the vast amount of data requested.[1] Defendants would need to hire additional legal staff in order to review the requested document production for privledged information. The amount of time and resources the overbroad discovery request would place on Defendants is unreasonable.

**FACTOR 5**.   Of most importance is the importance of the discovery sought. There is no benefit to the information sought. The emails requested will not provide evidence in which to support Plaintiffs claims for NJ RICO or Breach of Good Faith and Fair Dealing.

In good faith, Defendants turned over all of the active shared student defense files to Plaintiff when requested. All open files that had an imminent deadline, such as the filing of an appeal, remained with Defendant and continued to be worked on until the imminent deadline had been met.  Thereafter, the files were transferred over to Plaintiffs. Plaintiffs can not point to a single case in which Defendants failed to operate in good faith. Further, at no point do Plaintiffs

---

[1] See affidavit of Gary Day, attached.

state in their claims for Good Faith and Fair Dealing that Defendants were incompetent in their practice of law on the shared cases.

Further, some of the search terms, such as a North Carolina law firm is wholly irrelevant to the action. At no time were Defendants associated with the stated firm in Plaintiffs' requested search terms.

**FACTOR 6**.  The burden and expense of the proposed discovery significantly outweighs its likely benefit.

When asked to limit the search terms, the Plaintiffs' response was essentially "we asked for it, we get it."  Plaintiffs then asked for Defendants to propose search terms, which is similarly unreasonable.  At numerous times, Defendants have asked Plaintiffs to explain the relevancy of the documents that they are requesting to the causes of action that remain the operative complaint.

While Defendants have tried diligently to resolve this issue with Plaintiffs' counsel, we regrettably require your further intervention in this matter.


Respectfully submitted,

Keith Altman, Esq.


/s/ Solomon M. Radner
Solomon M. Radner, Esq.


cc: All Counsel of Record (via CM/ECF)