IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| JOSEPH D. LENTO, ESQ., *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil No. 22-4840 (RBK/EAP) |
| | : | |
| v. | : | **ORDER** |
| | : | |
| KEITH ALTMAN, ESQ., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon its own motion; and

**IT APPEARING TO THE COURT** that Plaintiffs Joseph D. Lento, Esq., and the Lento Law Firm, LLC ("LLF") (collectively, "Plaintiffs"), filed their First Amended Complaint on September 1, 2022, (ECF No. 17, First Am. Compl.), which is currently the operative complaint in this case. The First Amended Complaint named as Defendants Keith Altman, Esq.; The Law Office of Keith Altman, PLLC (the "Altman Firm"); and two of Altman's colleagues, Richard Gill and Ari Kresch; and

**IT FURTHER APPEARING TO THE COURT** that the First Amended Complaint brought a mix of federal- and state-law claims. The federal claims were that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. § 1962(d) (Count I), and the Lanham Act, 15 U.S.C. § 1125(a) (Count XII), and that Plaintiffs were entitled to a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) (Count XIII). (First Am. Compl. ¶¶ 35–70, 160–68). All other counts in the First Amended Complaint alleged violations of state law. (*Id*. ¶¶ 71–159, 169–73); and

**IT FURTHER APPEARING TO THE COURT** that the First Amended Complaint asserted two bases for the Court's subject matter jurisdiction. First, Plaintiffs alleged federal question jurisdiction pursuant to 28 U.S.C. § 1331 over its RICO Act claim and supplemental jurisdiction over the remaining counts "as they arise from the same nucleus of facts pursuant to 28 U.S.C. § 1367." (*Id*. ¶¶ 11–12). Second, Plaintiffs alleged diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (*Id*. ¶ 14); and

**IT FURTHER APPEARING TO THE COURT** that in pleading citizenship, Plaintiffs alleged the following:

5. Plaintiff JOSEPH D. LENTO, ESQ. ("Lento"), is citizen [sic] of the Commonwealth of Pennsylvania.
6. Plaintiff LENTO LAW FIRM, LLC is a Pennsylvania corporation with its principal place of business in Pennsylvania. It also has an office in this district.
7. Defendant KEITH ALTMAN, ESQ. ("Altman"), is a citizen of Michigan.
8. Defendant THE LAW OFFICE OF KEITH ALTMAN, PLLC, also known as "K ALTMAN LAW", is a Michigan limited liability company with its principal place of business in Michigan.

(*Id*. ¶¶ 5–8); and

**THE COURT OBSERVING** that Defendants Gill and Kresch filed a Motion to Dismiss for failure to state a claim on November 14, 2022. (ECF No. 26). Defendants Altman and the Altman Firm filed their own Motion to Dismiss the same day. (ECF No. 27). In an Opinion and Order on June 27, 2023, (ECF Nos. 39–40), the Court granted the Motion filed by Gill and Kresch and dismissed them from the case. The Court also granted in part and denied in part the Motion filed by Altman and the Altman Firm, dismissing several counts in the First Amended Complaint—some with prejudice and some without prejudice—and allowing others to proceed. (*Id*.). Importantly, all of Plaintiffs' claims brought under federal law were dismissed. (*Id*.); and

**THE COURT FURTHER OBSERVING** that on September 8, 2023, Plaintiffs filed a Motion to Amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure

2

15(a), (ECF No. 63), which is currently pending before this Court. The Motion included a proposed Second Amended Complaint ("Second Am. Compl."), (ECF No. 63-1 at 46–86); and

**THE COURT FURTHER OBSERVING** that the proposed Second Amended Complaint alleges violations of state law only, not federal law. The claims in the proposed Second Amended Complaint are violations of the New Jersey RICO Act (Count I), breach of contract (Count II), bad faith (Count III), tortious interference with contract (Count IV), tortious interference with prospective economic advantage (Count V), and tortious conduct of fictitious individuals and entities (mislabeled as Count XIV). (Second Am. Compl. ¶¶ 57–97); and

**THE COURT FURTHER OBSERVING** that the proposed Second Amended Complaint, like the First Amended Complaint, asserts two bases for the Court's subject matter jurisdiction. First, Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331, even though the proposed Second Amended Complaint contains no federal claim, and "supplemental jurisdiction of the remaining Counts" pursuant to 28 U.S.C. § 1367. (*Id*. ¶¶ 9–10). Second, Plaintiffs allege diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (*Id*. ¶ 12); and

**THE COURT FURTHER OBSERVING** that in pleading citizenship in their proposed Second Amended Complaint, Plaintiffs allege the following:

5. Plaintiff Lento is citizen [sic] of the Commonwealth of Pennsylvania.
6. Plaintiff LLF is a Pennsylvania corporation with its principal place of business in Pennsylvania. It also has an office in this district.
7. Defendant Altman is a citizen of Michigan.
8. Defendant Altman Firm is a Michigan limited liability company with its principal place of business in Michigan.

(*Id*. ¶¶ 5–8).

**THE COURT NOTING** that under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"; and

**THE COURT FURTHER NOTING** that under 28 U.S.C. § 1332(a), district courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and there is "complete diversity between all plaintiffs and all defendants," *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); and

**THE COURT FURTHER NOTING** that supplemental jurisdiction in district courts is governed by 28 U.S.C. § 1367. That code section provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id*. § 1367(a); and

**THE COURT FURTHER NOTING** that § 1367(a) is subject to exceptions. As relevant here, a district court may decline the exercise of supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c)(3); and

**THE COURT FURTHER NOTING** that the decision to retain or decline jurisdiction over state-law claims is discretionary. *Annulli v. Panikkar*, 200 F.3d 189, 203 (3d Cir. 1999), *overruled on other grounds by Rotella v. Wood*, 528 U.S. 549 (2000). That discretion, however, is not unbridled, and a district court's decision "should be based on considerations of 'judicial economy, convenience and fairness to the litigants.'" *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1505 (3d Cir. 1996) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Factors the Third Circuit has looked to in reviewing a district

court's decision to decline supplemental jurisdiction under § 1367(c)(3) include the stage of the litigation, the resources expended on discovery, and whether the parties can use the discovery material to pursue claims in state court. *Compare Annulli*, 200 F.3d at 202–03 (upholding district court's decision to dismiss plaintiff's state-law claims after the court granted summary judgment on plaintiff's federal claims despite "two years of litigation, fifteen pages of court docket, 1,800 pages of deposition testimony, and 2,800 pages of discovery documents"), *with New Rock Asset Partners, L.P.*, 101 F.3d at 1511 (noting that rejecting supplemental jurisdiction would be inappropriate where "the district court has effectively resolved the case"). Although "it is not reversible error for the court to not state its reasons for" dismissing state-law claims on a jurisdictional basis, the Third Circuit has made clear that "we prefer the district court to set forth its basis" for doing so. *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999). "If a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits." *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009) (citation omitted); and

   **THE COURT FURTHER NOTING** that dismissal under § 1367(c)(3) is not appropriate for claims that satisfy an independent basis of federal subject matter jurisdiction, such as diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *See* 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3567 (3d ed. 2023); and

   **THE COURT FURTHER NOTING** that for the purposes of diversity jurisdiction, the citizenship of each party must be alleged specifically, *see Hodgson v. Bowerbank*, 9 U.S. 303, 304 (1809); and

**THE COURT FURTHER NOTING** that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1); and

**THE COURT FURTHER NOTING** that "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members. Accordingly, the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (internal citation omitted). "The state of organization and the principal place of business of an unincorporated association are largely irrelevant." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citations omitted). Additionally, "where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Zambelli*, 592 F.3d at 420 (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)); and

**THE COURT FINDING** that because all federal claims alleged in Plaintiffs' First Amended Complaint have been dismissed, the Court no longer has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the case; and

**THE COURT FURTHER FINDING** that the proposed Second Amended Complaint does not allege violations of federal law, so federal question jurisdiction would not exist were the Court to grant Plaintiffs' Motion to Amend the First Amended Complaint and the proposed Second Amended Complaint were to become the operative complaint; and

**THE COURT FURTHER FINDING** that Plaintiffs' First Amended Complaint does not properly allege diversity of citizenship and, thus, that the Court has original jurisdiction over the

remaining claims. Specifically, Plaintiffs identify The Law Office of Keith Altman, PLLC, as "a Michigan limited liability company" but fail to allege the citizenship of its members. (First Am. Compl. ¶ 8); *see Zambelli Fireworks Mfg. Co.*, 592 F.3d at 418. Moreover, Plaintiff Lento Law Firm is confusingly identified in the same sentence as both an "LLC" and "a Pennsylvania corporation." (*Id.* ¶ 6). Plaintiffs plead the location of Lento Law Firm's principal place of business but not the citizenship of its members. (*Id.*); and

**THE COURT FURTHER FINDING** that the proposed Second Amended Complaint suffers from similar defects. *See* (Second Am. Compl. ¶¶ 1, 6, 8); and

**THE COURT FURTHER FINDING** that declining the exercise of supplemental jurisdiction over the remaining claims in Plaintiffs' First Amended Complaint is appropriate upon consideration of "judicial economy, convenience and fairness to the litigants." *See New Rock Asset Partners, L.P.*, 101 F.3d at 1505. Applying the factors the Third Circuit has considered when reviewing similar cases, *see Annulli*, 200 F.3d at 202–03; *New Rock Asset Partners, L.P.*, 101 F.3d at 1511, the Court finds that this case is in an early stage, with Plaintiffs still seeking to amend their pleading; the parties have started but not completed the discovery process, *see, e.g.*, (ECF Nos. 114, 129); and the parties could use any discovery they have obtained thus far to pursue their state-law claims in state court; therefore

**IT IS HEREBY ORDERED** that the Court **DISMISSES the First Amended Complaint (ECF No. 17) without prejudice**; and

**IT IS HEREBY FURTHER ORDERED** that the Court **DENIES** Plaintiffs' Motion to Amend the First Amended Complaint (ECF No. 63) because the proposed Second Amended Complaint suffers from the same jurisdictional defects as the First Amended Complaint; and

7

**IT IS HEREBY FURTHER ORDERED** that the Court directs the Clerk of Court to close the case.

Dated:  April 10, 2024                                /s/ Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge