# KATES NUSSMAN ELLIS FARHI & EARLE, LLP

ATTORNEYS AT LAW
190 MOORE STREET
SUITE 306
HACKENSACK, N.J. 07601-7418
—
TEL. (201) 488-7211
FAX (201) 488-1210
sbarsoum@nklaw.com

BRUCE L. NUSSMAN µ
JOEL M. ELLIS *♣∞
MICHAEL FARHI *Δ•▫∞
MATTHEW Z. EARLE *♦•Δ
CARA F. LANDOLFI*¥
SANDRA M. BARSOUM *Δ♦
-----
ELIZABETH ANDES *Δ♦

FOUNDED 1913
FORMERLY
PLATOFF, HEFTLER, HARKER & NASHEL
------
HOWARD M. NASHEL
(1936-2006)
-----
OF COUNSEL

MICHAEL B. KATES
ZAKIM & ZAKIM P.C
FLOWERS & O'BRIEN, LLC
KELLY J. DEERE*
ROBERT NUSSBAUM*

\*  NJ & NY BARS
Δ  SO. DIST. NY/EA. DIST. NY
♦  SO. DIST. NY
♣ MASS
¥ NJ & PA BARS
• US COURT OF APPEALS SECOND & THIRD CIRCUITS
▫ MEMBER OF NJAPM
∞ COURT APPROVED MEDIATOR PURSUANT TO R 1:40-12
µ US TAX COURT

April 22, 2024

<u>Via Electronic Filing Only</u>
Hon. Judge Robert B. Krugler
Hon. Elizabeth A. Pascal
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

     **RE:**   **JOSEPH D. LENTO, ESQ. et al. v. KEITH ALTMAN, ESQ. et als.**
            **Case No.: 1:22-cv-04840**

Dear Honorable Judge,

    As you know, this firm represents the Plaintiffs, Joseph Lento, Esq., and the Lento Law Firm ("Plaintiffs"). Please accept this letter memo in lieu of a more formal response to Defendants' Motion for a Final Judgment. For the reasons set forth herein below, it is respectfully submitted that the Defendants' Motion for a Final Judgment should be denied in its entirety.

## **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    The Plaintiff first filed this instant lawsuit against the Defendants on August 1, 2022. Thereafter, on or about September 1, 2022, the Plaintiff filed a First Amended Complaint against the Defendants alleging: (1) violations of the federal RICO Act; (2) violations of the state RICO Act; (3) Breach of Contract; (4) Bad Faith and Fair Dealing; (5) Tortious Interference with Contract; (6) Professional Negligence; (7) Negligence Per Se; (8) Unjust Enrichment; (9) Conversion; and (10) Unfair Competition, False Representations, False Designation of Origin and False Advertising under the Lanham Act. On or about November 14, 2022, the Defendants filed a Motion to Dismiss.

Kates, Nussman, Ellis
Farhi & Earle, LLP
Attorneys for Plaintiffs

On June 28, 2023, the Honorable Judge Robert B. Krugler issued an Opinion and Order, which granted Defendants' Motion in part, by dismissing the Professional Negligence, Negligence Per Se, Unjust Enrichment, Conversion, and Unfair Competition with Prejudice. The Federal RICO claim, Breach of Contract, Tortious Interference with Contract, and the False Advertising under the Lanham Act were dismissed Without Prejudice. The rest of the Plaintiffs' claims remained.

As such, Defendants filed an Answer as to the remaining counts as well as a Counterclaim seeking to enforce an alleged Settlement Agreement between the parties on August 1, 2023. The Plaintiffs filed a Motion to Dismiss the Defendants Counterclaim on August 18, 2023. On or about September 8, 2023, the Plaintiffs filed a Notice of Motion to file a Second Amended Complaint. The requested changes to the Amended Complaint were merely intended to be compliant and consistent with the June 27, 2023, order and opinion by removing the counts that were dismissed with prejudice, and attempting to revive the remaining counts which were not dismissed with prejudice—specifically the Breach of Contract and Tortious Interference with Contract Counts. For several months thereafter, while waiting for the Court to rule on the pending motions to Amend the Plaintiff's Complaint and Dismiss the Defendants' Counterclaim, the parties engaged in extensive—albeit contentious discovery, including but not limited to metadata exchanges and the conducing of more than eight (8) of depositions of both party and non-parties.

On March 18, 2024, the Hon. Judge Robert B. Krugler issued an Opinion and Order dismissing the Defendant's Counterclaim which sought to enforce an alleged settlement agreement between the parties. Thereafter, for reasons that remain unclear, on April 10, 204 the Hon. Judge Robert B. Krugler, sua sponte, entered an order dismissing the Plaintiffs' First Amended Complaint without prejudice for lack of federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the case. And because the Plaintiffs' second amended complaint did not alleged violations of federal law, the Court declined exercise supplemental jurisdiction and denied Plaintiff's Motion to Amend the First Amended Complaint noting that it "suffered from the same jurisdictional defect as the First Amended Complaint." Interestingly, however, Judge Robert B. Krugler's April 10, 2024 Order specifically referenced that since the "*parties have started but not completed the discovery process, the parties could use any discovery they have obtained this far to pursue their state-law claims in state court.*" Following the Court's direction, the Plaintiffs filed an updated version of their second amended complaint in the state Court of New Jersey, Docket No. MID-L-002264-24 ("NJ Complaint").

For reasons that remain unclear, on April 17, 2024, the Defendants filed a Notice of Removal, which sought to remove the NJ Complaint back to the District Courton the basis of 28 U.S.C. § 1332, 1441 and 1446. On April 19, the Defendants filed this a Motion for Issuance of a Final Judgment in this matter. However, for the reasons set forth herein, the Defendants' motion for final judgment must be denied.

Kates, Nussman, Ellis
Farhi & Earle, LLP
Attorneys for Plaintiffs

## APPLICABLE LAW

Federal Rule of Civil Procedure 54(b), "Judgment on Multiple Claims or Involving Multiple Parties," provides that: "when an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the Court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the Court expressly determines that there is no just reason for delay." Id.

As a general rule, however, Rule 54(b) motions are to be granted "only in extraordinary cases." See Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999 (3d Cir.1992) (explaining that a party seeking final judgment under Rule 54(b) must convince the district Court that the case is "the infrequent harsh case meriting a favorable exercise of discretion.") Indeed, despite its apparently broad scope, Rule 54(b) may be invoked only in a relatively select group of cases and applied in an even more limited category of decisions.") Id. see also, 10 Wright & Miller, Federal Practice and Procedure § 2656 at 47.

A decision to certify a final decision under Rule 54(b) requires a Court to find that (1) there has been a final judgment, and (2) there is no just reason for delay. Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195 (3d Cir.2006). To determine whether there is no just reason for delay, "[d]istrict courts are to consider judicial administrative interests, as well as the equities involved in the case." Id. Among the factors courts consider are: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing Court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. See, Allis–Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, (3d Cir.1975).

The granting of the Defendants' Motion for a Final Judgment pursuant to Rule 54(b) is inappropriate here where there has not been finality on all claims in this matter. In that regard, the Defendants' Certification and assertions that the April 10, 2024, Order dismissed the Plaintiff's Complaint is a purposely misleading statement because the Court's April 10, 2024 Order was not an adjudication on the merits. Indeed, to grant a Rule 54(b) motion, there must be a judgment which is final in the sense that it is an "ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1956).

Generally, an order which terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action does not constitute a "final" order for purposes of 28 U.S.C. § 1291. Indeed, the April 10, 2024 order is not a "final" judgment under either Rule 54(b) nor under the traditional standards of 28 U.S.C. § 1291. Since there is no finality with respect to the April 10, 2024 Order as Defendants contend, there would be no need for the Court to determine whether there is any just reason for the delay.

4 | P a g e

Kates, Nussman, Ellis
Farhi & Earle, LLP
Attorneys for Plaintiffs

However, in the event that the Court finds itself nonetheless inclined to do so, the Court should note that the Defendants' application fails to make any mention, let alone provide any host of reasons as to why there is no just cause of delay thereby failing to meet its burden. And for good reason, there is no reason why a final judgment in this matter must be entered at this exact time and place, especially in light of the Defendants' pending motion to Remove.

Furthermore, it is respectfully submitted that the Defendants' 54(b) motion is specifically undermined by the Court's guidance in it April 10, 2024 order that the parties "*use any discovery they have obtained this far to pursue their state-law claims in state court*." It does not appear, from the clear language of the April 10, 2024 Order that the Court intended to enter a final judgment—and the Defendants insistence that the Court enter one now is wholly inappropriate. This is especially true in light of the fact that the Defendants have failed to demonstrate that there is no just cause for delay or otherwise dhow any prejudice to it if the Court were to deny its request.

Finally, the Court should be guided by the fact that Certifications of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district Court under the Rule is to act as a dispatcher." Curtiss–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1 (1980) (internal quotation marks and citation omitted); *see also* Panichella v. Pa. R.R. Co., 252 F.2d 452 (3d Cir.1958) ("[Rule] 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. Simply put, this case is not the "infrequent harsh case" for which Rule 54(b) was adopted, and the greater interests of judicial economy controls. For these reasons, the Defendants' Motion for a Final Judgment should be denied.

                                                Respectfully Submitted,
                                                **KATES, NUSSMAN, ELLIS**
                                                **FARHI & EARLE, LLP**

                                                /s/ *Sandra M. Barsoum*
                                                **Sandra M. Barsoum, Esq.**